Jones, J.
 

 Under the common law, because franchises emanated from and public offices were under the control of the crown, the writ of
 
 quo warranto
 
 was never employed by a private individual to test the usurpation or misuser of a franchise, or to challenge the title to the office. The writ could only be employed by the crown at the instance of its own officers, usually the Attorney General. The function of the writ was to protect the rights of the crown against the usurpation of
 
 *457
 
 governmental prerogatives, and thus safeguard the public interests. The right to use the information on the relation of a private individual was not fully granted and exercised until the intervention of Parliament by adoption of the statute 9 Axrne, c. 20 (12 English Stats, at L., 189). Though still retaining the right of the crown to question unlawful intrusion into office, recognizing the interests of individual claimants thereto, authority to institute a proceeding in
 
 quo warranto
 
 was conferred upon the individual claimant, whereby he could determine the title to an office held by an adverse claimant. But the act gave such private individual no authority to use the writ for the purpose of questioning the usurpation or misuse of franchises granted by the crown. This distinction accorded by the English law has been generally recognized by various states, including our own, which have adopted statutes prescribing when the writ may be employed by the state and when by the individual. Sections 12303, 12304 and 12305, General Code, distinctly provide that the proceedings against a person or corporation, covered by the first two sections, shall be instituted by the Attorney General or prosecuting attorney in the name of the state. The only authority granted to an individual wherein he may employ the writ of
 
 quo warranto
 
 is that contained in Section 12307, General Code, which is as follows:
 

 “A person claiming to be entitled to a public office unlawfully held and exercised by another, by himself or an attorney at law, upon giving security for costs, may bring an action therefor.”
 

 This statute, as did the statute of Anne, empow
 
 *458
 
 ers the individual to use the writ only in favor of one
 
 “claiming to be entitled to a public office.”
 
 In this ease the individual attempts on his private relation to employ the writ because of the use and misuse of franchises granted by the state. He prays that the defendant be adjudged to have forfeited its corporate license and franchise, and that it be ousted therefrom. The petition admits that a license has been granted to the defendant by the superintendent of insurance, and it has been held by this court that such license, “so long as it remains in force, confers upon the insurance company the right to do business in this state, and that the privilege so conferred is a franchise.”
 
 State, ex rel. Phelps,
 
 v.
 
 Gearheart,
 
 104 Ohio St., 422, 425, 135 N. E., 606; and
 
 State
 
 v.
 
 Ackerman,
 
 51 Ohio St., 163, 37 N. E., 828, 24 L. R. A., 298.
 

 That the relator cannot bring this action in his private capacity is sustained by the case of
 
 State, ex rel. Silvey,
 
 v.
 
 Miami Conservancy District Co.,
 
 100 Ohio St., 483, 128 N. E., 87. That case was one in
 
 quo warranto,
 
 originating in the Court of Appeals, and was brought by individuals in their private capacity. The Court of Appeals dismissed the petition for the reason that relators had no right to bring the suit. In a
 
 per curiam
 
 decision this court held:
 

 “The right to file an information in the nature of a
 
 quo warranto,
 
 or to institute a civil action or proceeding to arrest a usurpation of franchises, does not belong to the individual citizen. The right to institute such proceedings is in the state. * * * It is well settled that in this state a private person cannot maintain
 
 quo warranto
 
 except
 
 *459
 
 tinder the authority conferred by what is now Section 12307, General Code.”
 

 However, counsel urge the invalidity of any statute that now deprives relator of power to institute any suit in
 
 quo warranto
 
 in this court. They rest their argument upon the final clause of Section 2, Article IV of the Constitution, as amended in 1912. That section, after a grant to this court of original jurisdiction in
 
 quo warranto,
 
 provides: “No law shall be passed or rule made whereby any person shall be prevented from invoking the original jurisdiction of the supreme court.”
 

 The quoted clause was in force when the
 
 Miami Conservancy Co.
 
 case,
 
 supra,
 
 was decided by this court in December, 1919, wherein it was held that an action of this character could not be brought by a private individual. However, it must be conceded that the controversial point now urged was not made in that case. Section 2, Art. IV of our Constitution, as amended in 1912, merely confers original jurisdiction in
 
 quo warranto
 
 upon this court; it confers no grant of power for the invocation of that remedy, but safeguards the remedy only where the law empowers its exercise. It must be observed that the clause in question was adopted when the procedural statutes, relating to the employment of remedy, were still in force. Our
 
 quo warranto
 
 statutes do not prevent a private litigant from invoking the original jurisdiction of this court, nor does the above-quoted constitutional clause grant the individual the right to employ such remedy in all eases; his only right in that respect is that given him by law, and a more comprehensive one has not been granted him by such
 
 *460
 
 constitutional provision. Where the individual brings his action within Section 12307, General Code, as he did in
 
 State, ex rel. Turner,
 
 v.
 
 Fender,
 
 106 Ohio St., 191, 140 N. E., 182, his constitutional right to invoke our jurisdiction is maintained. In the adoption of this provision it was undoubtedly the purpose of the constitutional clause to make ineffective the rule of this court theretofore adhered to,
 
 which required its leave
 
 before its original jurisdiction could be invoked. That this purpose was attained and its former requirement for leave to file a petition in a case of original jurisdiction rendered ineffective is conclusively shown by the syllabus, and by Chief Justice Shauck’s opinion, in
 
 State, ex rel. City of
 
 Toledo, v.
 
 Lynch,
 
 87 Ohio St., 444, 101 N. E., 352.
 

 In support of their demurrer counsel for the respondent further urge that, inasmuch as the state has conferred upon the superintendent of insurance the power to issue and revoke licenses, the statutory remedy given by Section 9490, General Code, is exclusive, and
 
 quo warranto
 
 may not be employed. It is intimated in their brief that this argument would be urged whether the writ was sought by an individual in his private capacity, or by the state on the relation of its public officers. Since we have decided that a private individual may not utilize the writ of
 
 quo warranto
 
 in a case of this character, we deem it inopportune to pass upon the question whether the statutory remedy only would be available if the suit were instituted at the instance of the state. Certainly the state would not be bound by any decision this court
 
 *461
 
 should make upon that feature until a case is properly presented in which it is a party.
 

 The demurrer to the petition will be sustained, the petition dismissed, and the writ denied.
 

 Writ denied.
 

 Marshall, C. J., Matthias and Day, JJ., concur. Wanamaker, Robinson and Allen, JJ., took no part in the consideration or decision of the case.