Matthias, J.
 

 The demurrer to the petition of the relator challenges the right of a prosecuting attorney of a county to bring an action in
 
 quo warranto',
 
 in this court against an officer of the state who has neither performed, attempted to perform nor threatened nor claimed the right to perform any of his official duties in such county. A single question of law is thus presented.
 

 The provisions of Section 12303, General Code, authorize the maintenance of an action in the name of the state “against a person who usurps, intrudes into, or unlawfully holds or exercises, a public office, civil or military, or a franchise, within this state, or an office in a corporation created by the authority of this state.”
 

 The provisions of Section 12304, General Code, authorize a like action to be brought against a corporation when it has offended in any of the respects therein enumerated.
 

 Section 12305, General Code, provides as follows: “When directed by the Governor, Supreme Court, or General Assembly, the Attorney General, or a prosecuting attorney, shall commence such action. When, upon complaint, or otherwise, either of such officers has good reason to believe that any case specified in the next preceding section can be established by proof, he shall commence an action.”
 

 It is provided by Section 12306, General Code, that: “Upon his own relation, such officer may bring such an action, or, on leave of the court, or a judge thereof
 
 *331
 
 in vacation, he may bring the action upon the relation of another person.”
 

 It is conceded that by these statutory provisions a prosecuting attorney is authorized to bring an action in
 
 quo warranto,
 
 but it is urged that his duties are confined to affairs within his own county, and that he is not authorized to challenge or question the rights or powers of state officers in the absence of action or assertion of a right to act within such county. A prosecuting attorney is a county officer whose election is provided for and whose duties are prescribed by statute. His general duties are enumerated in Section 2916, General Code.
 

 The precise question has not heretofore been presented in this state. This court, in
 
 State, ex rel. Downing, Pros. Atty.,
 
 v.
 
 Powers, Chief of Div. of Securities, Dept. of Commerce,
 
 125 Ohio St., 108, 180 N. E., 647, did sanction the institution of a proceeding in mandamus by a prosecuting attorney to compel the chief of the division of securities of the department of commerce of the state to discharge a duty pertaining to his office affecting alleged violation of laws in the county of such prosecuting attorney. This was upon the ground that, as the chief prosecuting officer, he was charged with the duty of enforcing laws in the county and, as such, he should take notice of alleged violations therein.
 

 It is obvious that the averments of the petition do not bring the relator within the purview of the rule announced in that case. The principle applicable here is concisely stated in 51 Corpus Juris, 335, Section 40, as follows: “* * * in a number of, although not all, jurisdictions a local prosecuting attorney or other similar officer has power to act on behalf of the state in
 
 quo warranto
 
 proceedings, provided he is an officer of the county or district in which the wrong was committed and the proceeding is instituted.”
 

 We are of the opinion that under the allegations of
 
 *332
 
 the petition, the relator is not authorized to maintain' this proceeding. The demurrer is therefore sustained and, relator not desiring to plead further, judgment is entered for respondent.
 

 Judgment for respondent.
 

 Weygandt, O. J., Day, Zimmerman, Williams, Hart and Turner, JJ., concur.