Matthias, J.
The determinative question in this cause is: May a civil service commission of a city lawfully adopt a rule which provides that promotional examinations shall consist of both written and oral parts, or do the statutes relating to such promotional examinations require that they be entirely in writing?
Section 143.24, Revised Code, supra, requires a civil service commission to provide in its'rules for (1) “keeping a'record of efficiency for each employee in the classified service” and (2) making promotions “in the classified service on the basis of merit.”
In stating that, “in promotional examinations, efficiency and seniority in service shall form a part of the maximum mark attainable in such examination,” the statute clearly contem *222 plates that the “merit” which shall constitute the basis for a promotion shall be ascertained “as far as practicable” from the combined effect of (1) promotional examinations, (2) efficiency, i. e., conduct and capacity in office, and (3) seniority in service.
This section then provides that “the method of examination for promotion, the manner of giving notice thereof, and the rules governing the same shall be in general the same as provided for original examinations, except as otherwise provided” in the applicable statutes.
Section 143.16, Eevised Code, sets forth the method and rules governing original examinations. It provides, among other things, that “such (original) examination * * * shall be written, or written and oral, as the commission determines,” but that “applicants taking promotional examinations, which shall be in writing, shall receive credit for seniority.”
Prior to 1941, there was apparently no statutory provision requiring that a civil service examination be in writing. 106 Ohio Laws, 400, 406; 108 Ohio Laws (pt. 2), 1198; 111 Ohio Laws, 389; 114 Ohio Laws, 169. In that year, the portion of Section 486-10, General Code, which corresponds to what are now the last two sentences of the first paragraph of the statute, was amended to read in part: “Such examination * * * shall be in writing * * *.” In the same act there was added to Section 486-10, General Code, what is now the first sentence of the second paragraph of the statute, except that the words, “which shall be in writing,” were not included therein. 119 Ohio Laws, 743.
Subsequently, in 1943, the words in the first paragraph of Section 486-10, General Code, which read, “shall be in writing,” were replaced by the words, “shall be written, or written and oral, as the commission may determine,” and, at the same time, there were inserted in the first sentence of the second paragraph of the section, after the words, “promotion examinations,” the words, “which shall be in writing.” 120 Ohio Laws, 103. Since the words so inserted after “promotion examinations” were the same words of limitation as had been removed from the previous paragraph of the statute, as a limitation with respect to examinations generally, the General Assembly *223 quite clearly expressed an intention that at least the part of the promotional examination, which involved asking questions of a candidate and the giving of his answers thereto, was to be “in writing. ’ ’
It is, then, apparent that the statutes above referred to contemplate the following, with respect to promotions in the classified service:
I. Records shall be kept by each civil service commission regarding the efficiency, i. e., conduct and capacity in office of each employee.
II. Promotions shall be made on the basis of “merit.”
III. The “merit” upon which a promotion shall be based shall be determined as far as practicable from promotional examinations which shall include in the maximum mark attainable therein:
1. The grade on an examination composed of questions and answers, which shall be entirely in writing.
2. Credit for seniority in service according to the predetermined formula set out in Section 143.16, Revised Code.
3. Credit for efficiency, i. e., conduct and capacity in office.
As there are many varying methods of setting up examinations and weighting the questions asked, the examination in question must be viewed from the standpoint of the civil service commission which gave it, and it is apparent that it was considered as a single examination having multiple parts, written, oral and predetermined credit for seniority. Viewed in such a manner, it follows necessarily that if one part of such an examination is unlawful then the whole examination must fail, and it is not possible to consider merely the written portion thereof and decide from that who is entitled to the promotion for which the examination was given.
Respondent contends that relator, by failing to object to the examination prior to taking it, has waived any right he may have to attack it in the present action in quo warranto.
In considering such contention, it is necessary to note the position of the court, the relator and the respondent in the present action.
Section 2733.01, Revised Code, provides in part:
“A civil action in quo warranto may be brought in the name of the state:
*224 “(A) Against a person who * * # unlawfully holds * * * a public office * * *.”
Sections 2733.04 and 2733.05, Revised Code, deal with the bringing of such action by the Attorney General or a prosecuting attorney, and Section 2733.06 provides that “a person claiming to be entitled to a public office unlawfully held and exercised by another may bring an action therefor by himself or an attorney at law, upon giving security for costs.”
The record in the instant case shows that it was instituted on behalf of relator, in the name of the state, by two attorneys at law. Thus, the present action was brought under favor of Section 2733.06, supra.
Section 2733.08, Revised Code, states in part:
“When an action in quo warranto is brought against a person for usurping an office, the petition shall set forth the name of the person claiming to be entitled to the office, with an averment of his right thereto. Judgment may be rendered upon the right of the defendant, and also on the right of the person averred to be so entitled, or only upon the right of the defendant, as justice requires.” (Emphasis added.)
In the case of State v. HeinmiUer, 38 Ohio St., 101, an action in quo warranto brought by the Attorney General, in the opinion at page 110 it is said:
“It is also claimed on behalf of defendant, that the petition in this case is defective in not setting forth the name of the person who claims to be entitled to the office, as required by Section 6766 of the Revised Statutes. This section applies only to proceedings prosecuted by the person who claims the office as provided in Section 6764, and such showing is certainly necessary where a judgment of induction as well as ouster is sought.” (Emphasis added.)
An examination of the history of Sections 6766 and 6764, Revised Statutes, shows the provisions of each, respectively, to be identical in force and effect to the provisions of Sections 2733.08 and 2733.06, Revised Code. This court has, then, found that Section 2733.08, Revised Code (Section 6766, Revised Statutes), applies to proceedings prosecuted by the person who claims the office as provided in Section 2733.06, Revised Code (Section 6764, Revised Statutes).
*225 The question for decision is whether that part of Section 2733.08, which states, “judgment may be rendered upon the right of the defendant, and also on the right of the person averred to be so entitled, or only upon the right of the defendant, as justice requires,” empowers the court, in an action properly before it as hereinbefore set out, to issue an order of ouster without first finding that a relator in an action brought in the name of the state and according to the terms of Section 2733.06 is entitled to the office in question.
A summary of the history of the action in quo warranto is found in State, ex rel. Lindley, v. Maccabees, 109 Ohio St., 454, 456 et seq., 142 N. E., 888. See, also, Newman v. United States, ex rel. Frizzell, 238 U. S., 537, 543 and 544, 59 L. Ed., 1446, 35 S. Ct., 881.
Suffice it to say here that, although Section 2733.06, Revised Code, empowers an individual claiming in good faith to be entitled to a public office, held by another, to bring the action of quo warranto upon his own initiative, it is apparent from the statutes that such action must be brought in the name of the state.
That is, the mere power, granted by statute, to initiate the action neither reduces the controversy to the status of a private quarrel nor divests the state of its historical interest in the persons who hold public offices therein.
Also, this court has held that in such an individually initiated action the relator, to be successful, must prove not only that he is entitled to the office in question but also that a person who is presently occupying such office is not entitled thereto. See State, ex rel. Heer, v. Butterfield, 92 Ohio St., 428, 111 N. E., 279, where this court said, in the first paragraph of the syllabus:
“In order that a private relator may be entitled to maintain an action in quo warranto under Section 12307, General Code [Section 2733.06, Revised Code, Section 6764, Revised Statutes], to recover a public office, he must show not only that he is entitled to the office, but also that it is unlawfully held and exercised by the defendant in the action.” (Emphasis added.)
Thus, the statutes have been construed to contemplate two *226 elements which must be proved by a relator in such an action, in order for Mm to be completely successful — (1) the respondent is unlawfully occupying the position and (2) the relator is entitled thereto.
In stating, however, that “judgment may be rendered upon the right of the defendant, and also on the right of the person averred to be so entitled, or only upon the right of the defendant, as justice requires,” it is apparent that Section 2733.08 recognizes that a relator’s proof may fail in regard to one element and yet succeed with respect to the other, and provides that in such instance the court, as representative of the state, shall step in and render whatever decision is required by justice.
In the case of Gano v. State, ex rel. Robinson, 10 Ohio St., 238, an action in quo warranto brought by an individual claiming that a respondent was exercising the powers and functions of an office to which the relator had been appointed, and that the respondent was figuratively usurping an office to which the relator was claiming to be entitled, this court said, at page 241:
“Again: It is claimed that the District Court erred in rendering a judgment of ouster against the respondent, without passing upon the right of the relator to the office of chief of police. But we think the third section of the act of March 17, 1838, ‘relating to informations in the nature of quo warranto,’ etc. (1 Curw., 435), taken in connection with the first section of the amendatory act of March 18, 1839 (1 Curw., 562), clearly authorize such a judgment.”
An examination of the history of this legislation shows that “the third section of the act of March 17, 1838 # * * (1 Curw., 435), taken in connecton with the first section of the amendatory act of March 18, 1839 (1 Curw., 562),” is identical in force and effect to the provisions of Sections 2733.08 and 2733.06, Revised Code.
This court said, in the second paragraph of the syllabus of the Gano case:
“In an information in the nature of a quo warranto, filed by a claimant of an office against one who is alleged to have usurped the same, the court may, in a proper case, render a judgment of ouster against the defendant to the information. *227 without passing upon the rights of the claimant who files the information.”
Applying the foregoing to the instant case, we find that the certification of respondent was unlawful, since it was based upon the result of a promotional examination which was not authorized by law, and that respondent is not entitled to the position of chief of police of Findlay, Ohio.
Since it would be the very antithesis of reason to order the relator installed in the position from which respondent is ousted, for the reason that he received a higher grade in part of an examination which we have found to be unlawful in toto, and upon which unlawfulness we base the ouster of respondent, it is apparent that a new examination must be given in order that the position here in question may be lawfully filled.
Relator had reasonable grounds to believe himself entitled to the position here in question, and, in our judgment, he began the action as expeditiously as could reasonably be expected, and in good faith. Since, however, the very facts which cause us to affirm that part of the judgment of the Court of Appeals which orders the ouster of respondent also preclude us from ordering relator certified and appointed, we do not reach that point at which it is necessary or advisable to consider whether relator is for any other reason not entitled to the office he seeks.
Accordingly, the judgment of the Court of Appeals is affirmed, so far as it orders the ouster of respondent, and reversed, so far as it orders relator certified and appointed chief of police of Findlay, Ohio.

Judgment affirmed in part and reversed in part.

Weygandt, C. J., Hart, Zimmerman and Stewart, JJ., concur.
Bell and Taft, JJ., concur in paragraphs one and two of the syllabus but dissent from the judgment.