80

THE STATE, EX REL. CITY OF CINCINNATI ET AL., *v.* BUTLER WATER
CONSERVANCY DISTRICT.

[Cite as State, ex rel. City of Cincinnati, v. Butler Water Conservancy
Dist., 5 Ohio St. 2d 80.]

(No. 38578—Decided February 2, 1966.)

82

*Mr. William A. McClain,* city solicitor, *Mr. Lyle W. Castle, Mr. Clyde E. Lewis, Mr. Melvin G. Rueger,* prosecuting attorney, and *Mr. Raymond C. Wetherell,* for relators.

*Mr. Robert E. Marrs* and *Mr. John Richard Moser,* for respondent.

TAFT, C. J.  At the outset it may be noted that the petition discloses the pendency in the Common Pleas Court of Butler County of an action which could provide relators with the relief that they seek in the instant case, *i. e.,* the right to operate Cincinnati's wells in Butler County without interference from respondent district.  Hence, this action apparently represents an attempt by relators to bypass the Common Pleas Court and the Court of Appeals by substituting the extraordinary writ of quo warranto for a trial before the Common Pleas Court and appeals from its judgment and from a subsequent judgment of the Court of Appeals.

Furthermore, it may be noted that none of the other three districts alleged to be "claiming under the Conservency Act authority over lands owned by the relator" in Butler County have been made parties respondent. Thus, this action without their presence would seem to be an especially inappropriate action for determining the rights of respondent with respect to lands within its district because such a determination would probably also determine the rights with respect to the same lands of those three districts not before the court.

As stated by *Jones*, J., in the opinion in *State, ex rel. Lindley*, v. *Maccabees* (1924), 109 Ohio St. 454, 456, 142 N. E. 888, 889:

"Under the common law, because franchises emanated from and public offices were under the control of the crown, the writ of quo warranto was never employed by a private individual to test the usurpation or misuser of a franchise, or to challenge the title to the office. The writ could only be employed by the crown at the instance of its own officers, usually the attorney general. The function of the writ was to protect the rights of the crown against the usurpation of governmental prerogatives, and thus safeguard the public interests."

In that case, the syllabus reads:

"1. The only authority given an individual to institute an action in quo warranto is found in * * * [what is now Section 2733.06, Revised Code]. Under its provisions one claiming title to a public office may bring such action in his private capacity.

"2. Section 2, Article IV of our Constitution, as amended in 1912, merely confers original jurisdiction in quo warranto upon this court; it grants no power of invocation, but safeguards the remedy only where the law empowers its exercise."

See also *State, ex rel. Silvey*, v. *Miami Conservancy District Co.* (1919), 100 Ohio St. 483, 128 N. E. 87.

There is no provision of law that empowers a municipal corporation to invoke the jurisdiction of this court in quo warranto. Undoubtedly, the purpose of adding the Hamilton County prosecuting attorney as a party was to get around the foregoing decisions and bring this case within the provisions of Section 2733.05, Revised Code, which reads in part:

"The Attorney General or a prosecuting attorney may bring an action in quo warranto upon his own relation, or, on leave of the court, or of a judge thereof in vacation, he may bring the action upon the relation of another person * * *."

In *State, ex rel. Finley, Pros Atty.*, v. *Lodwich* (1940), 137 Ohio St. 329, 29 N. E. 2d 959, 131 A. L. R. 1205, the syllabus reads:

"1. A prosecuting attorney is a county officer whose election is provided for and whose duties are prescribed by statute.

"2. A prosecuting attorney is not authorized to bring an action in quo warranto in the name of the state against an officer of the state neither performing nor asserting a right to perform any official duties in the county of such prosecuting attorney."

See also *State, ex rel. Lowes,* v. *Thompson,* (1878), 34 Ohio St. 365.

There is no allegation in the petition that respondent is doing or asserting a right to do anything in Hamilton County.

It follows that this court should on its own motion dismiss this action for the reason that neither relator has the right to invoke the original jurisdiction of this court in quo warranto on the facts alleged in the petition.

*Petition dismissed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.