**The STATE, ex rel. ROSENBERGER, Pros. Atty.,**

**v.**

**COMPHER et al.**

[Cite as *State, ex rel. Rosenberger, v. Compher* (1989), 62 Ohio App.3d 51.]

Court of Appeals of Ohio,
Pike County.

No. 427.

Decided March 6, 1989.

*Robert N. Rosenberger,* for relator.
*Ronald B. Noga,* for respondents.

HOMER E. ABELE, Presiding Judge.

The Pike County Prosecutor began this original quo warranto action pursuant to R.C. Chapter 2733 by filing a complaint in our court on September 19, 1988. The complaint alleges respondents, residents of Ross County, caused to be recorded in the Pike and Ross County Recorders' Offices certain documents involving the Paint Creek Coonhunters Club, Inc., without having legal authority to do so. The complaint further alleges respondents "have refused to recognize and have interfered with and threaten to continue to interfere with the directors and officers of the corporation."

The complaint prayed for an order requiring respondents to explain by what authority they are acting. The complaint further prayed for an order declaring respondents to be usurpers of the offices of the corporation and barring them from continuing their actions.

IN QUO WARRANTO.

ON MOTION TO DISMISS.

On October 14, 1988, respondents moved to dismiss the complaint for lack of jurisdiction. Respondents cite R.C. 2733.03, which requires quo warranto actions to be brought in the court of appeals in the county of the respondent's residence. Respondents argue that since they reside in Ross County, relator should have filed the action in Ross County rather than Pike County.

On October 25, 1988, relator filed a memorandum in opposition to respondents' motion to dismiss. Relator argues that since our Fourth District Court of Appeals covers Ross County as well as Pike County, he properly filed the complaint in the county of the respondents' residence.

▇ We find no merit to respondents' argument that we lack jurisdiction to hear this matter. R.C. 2501.01 divides the state into twelve appellate districts, including our fourth district which includes both Pike and Ross Counties:

"The state shall be divided into twelve judicial court of appeals districts. The counties constituting the districts are as follows:

" * * *

"(D) Fourth District: * * * Ross, Pike * * *."

Section 3(A), Article IV, Ohio Constitution, which directs the legislature to divide the state into appellate districts, refers to a single court of appeals for each district:

"The state shall be divided by law into compact appellate districts in each of which there shall be a court of appeals * * *."

The court of appeals for Pike County is the same as the court of appeals for Ross County.

The statute cited by respondents in their motion to dismiss, R.C. 2733.03, refers not only to jurisdiction but also to venue:

▇ "Section 2733.03. Jurisdiction and venue in quo warranto actions.

"An action in quo warranto can be brought only in the supreme court, or in the court of appeals of the county in which the defendant, or one of the defendants, resides or is found * * *."

While we have jurisdiction to hear the case due to the fact we are both the Court of Appeals for Pike County and the Court of Appeals for Ross County, we recognize that since we accept filings in all fourteen counties in our district, perhaps, for venue purposes, relator should have filed the instant action with our clerk in Ross County rather than with our clerk in Pike County. R.C. 2501.05, which requires us to hear each case in the county in

which it originated, supports the view that venue for the instant case lies in Ross County.

In the interests of justice, we hereby order the instant action transferred from the offices of our clerk in Pike County to the offices of our clerk in Ross County. We find authority for our order in Civ.R. 3(C)(1), which permits courts to order actions transferred to the proper venue.

Respondents further argue that the Pike County Prosecutor is not the proper person to bring the instant action against Ross County residents. We disagree. Since the complaint alleges the respondents took unlawful action concerning land located in Pike County, the Pike County Prosecutor may bring the action. See *State, ex rel. Cincinnati, v. Butler Water Conservancy Dist.* (1966), 5 Ohio St.2d 80, 34 O.O.2d 185, 214 N.E.2d 86.

*Motion to dismiss denied.*

GREY, J., concurs.

STEPHENSON, J., concurs in judgment only.