**WRIGHT et al.**

v.

**KINGS PATH CONDOMINIUM GROUP, INC.**

[Cite as *Wright v. Kings Path Condominium Group, Inc.* (2001), 145 Ohio App.3d 275.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 79987.

Decided Aug. 16, 2001.

276

*George C. Kovacs*, for relator.

*Kaman Ott & Cusimano* and *David W. Kaman*, for respondent.

*Jack Renner, pro se*, for Renner Management Group.

PATRICIA ANN BLACKMON, Judge.

The relators, Blanca A. Wright and Mary M. Rolle, have filed a complaint for a writ of quo warranto through which they seek the following: (1) an order invalidating the results of a general election conducted on April 17, 2001, which determined the board members for the Kings Path Condominium Association, Inc., and (2) an order declaring the relators and Pat English as the "Board of Managers." For the following reasons, we *sua sponte* dismiss the relator's complaint for a writ of quo warranto.

In order for this court to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6), it must appear beyond a doubt from the complaint that the plaintiff can prove no set of facts that warrant relief. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas* (1995), 72 Ohio St.3d 461, 650 N.E.2d 899; *Perez v. Cleveland* (1993), 66 Ohio St.3d 397, 613 N.E.2d 199; *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753. In addition, when determining whether a complaint states a claim upon which relief can be granted, all the factual allegations contained in the complaint must be presumed true and all reasonable inferences must be drawn in favor of the plaintiff. *Perez v. Cleveland, supra.*

Herein, the relators, as private individuals, are seeking a writ of quo warranto in order to invalidate the election of the "Board of Managers" of the Kings Path Condominium Association, Inc. The relators' complaint, however, fails to state a claim upon which relief can be granted. An action in quo warranto may be brought by an individual, as a private citizen, only when he or she is personally claiming title to a public office. R.C. 2733.06; *State ex rel. Halak v. Cebula*

(1977), 49 Ohio St.2d 291, 3 O.O.3d 439, 361 N.E.2d 244; *State ex rel. Annable v. Stokes* (1970), 24 Ohio St.2d 32, 53 O.O.2d 18, 262 N.E.2d 863; *State ex rel. Lindley v. Maccabees* (1924), 109 Ohio St. 454, 142 N.E. 888; *State ex rel. Silvey v. Miami Conservancy Dist. Co.* (1919), 100 Ohio St. 483, 128 N.E. 87. In all other instances, the complaint for a writ of quo warranto must be brought by either the Attorney General or a prosecuting attorney. R.C. 2733.04; *State ex rel. Annable v. Stokes, supra; State ex rel. Halak v. Cebula, supra.* It must also be noted that a complaint for quo warranto can be brought only in the name of the state. *Ohio & M.R. Co. v. State ex rel. Prosecuting Attorney* (1892), 49 Ohio St. 668, 32 N.E. 933.

Since the complaint for a writ of quo warranto does not involve a public office, has not been brought by the Attorney General or the prosecuting attorney, and has not been brought in the name of the state, we find that the relators' complaint fails to state a claim upon which relief can be granted and must be dismissed per Civ.R. 12(B)(6). It is further ordered that the Clerk of the Eighth District Court of Appeals shall serve notice of this judgment and date of entry upon all parties pursuant to Civ.R. 58(B). Costs to relators.

*Writ dismissed.*

DIANE KARPINSKI, A.J., and JAMES J. SWEENEY, J., concur.