[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
{¶ 1} On September 20, 2002, relator, John W. Timson, filed a "complaint for writs of mandamus[,] procendo [sic] and prohibition[,] quo waranto [sic]." Relator's complaint named the following as respondents: Arlene Shoemaker, "President F.C. Commissioner"; Laura Hall, "attorney in fact The American Casualty Insurance Co. of Reading Pa." (hereafter "American Casualty"); Dewey Stokes, "(former President) F.C. Commissioner"; Karla J. Shenaman, "attorney in fact Cincinnati Insurance Company"; Dorothy Teater, "(retired) F.C. Commissioner"; "Administrative Judge Michael Watson"; "Unknown Bonding Co[.], for the faithful performance of duties Judge Watson Judges of the Common Peas Court"; David M. Bradley, "Director[,] and Commissioners Morello, Sarto, Roberts, Commodore Sprankel, F.C. Veteran Service Commissioners"; Ron O'Brien, "Franklin County Prosecutor, and his Chief and Asst[.] F.C. Prosecutors"; George Speaks, "Deputy Administrator F.C. Commissioners"; and, "Unnamed and Unknown Parties."
 {¶ 2} On October 18, 2002, respondents Shoemaker, Stokes, Bradley, O'Brien, Speaks and Judge Watson filed a motion to dismiss. On October 25, 2002, respondent Hall filed a motion to dismiss. On October 28, 2002, respondent Cincinnati Insurance Company ("Cincinnati Insurance") filed a motion for more definite statement. Also on October 28, 2002, relator filed a motion to "strike all pleadings falsely certified" by Assistant Prosecutor Paul Thies.
 {¶ 3} This matter was referred to a court-appointed magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision recommending that this court grant respondents' motions to dismiss, and to issue a judgment dismissing this action in its entirety, denying all remaining motions as moot. (Attached as Appendix A.)
 {¶ 4} Relator has filed objections to the magistrate's decision. In his objections, relator argues that "[t]his action seeks to require the production of public records," and further "seeks to [p]rohibit the unlawful appointment of F.C. Vet Service Commissioner by Respondent Judge Watson, et al, and `command' via mandamus that the appointment are made pursuant to Section 5901.02 ORC."
 {¶ 5} The allegations in relator's pro se complaint are not a model of clarity, and the magistrate in this case was faced with the difficult task of attempting to identify and address the various claims and relief sought. The magistrate construed relator's complaint as alleging the following: (1) respondents are engaged in a criminal conspiracy to unlawfully appoint Vet Service Commissioners, who have agreed not to perform their statutory duties pursuant to R.C. 5901.08; (2) the Franklin County Commissioners have given approval to, and ignored, violations by the Vet Service Commission in disbursing veteran's funds; (3) the Vet Service Commissioners have illegally disbursed Columbus Ohio Transit Authority ("COTA") bus passes; (4) respondents have misused "Meals on Wheels" funds; (5) relator has been unable to obtain an application for Emergency Assistance or for Meals on Wheels or for COTA bus passes; and (6) respondent Bradley and his administrative assistant have defrauded relator out of $30 for records they have not provided.
 {¶ 6} The magistrate also noted that relator's complaint sought a writ of mandamus commanding respondents to produce public records they are allegedly "secreting"; further, several different sections of the complaint stated a prayer for relief in which relator's requests included: (1) issuance of a writ of mandamus to compel the production of documents; (2) compensatory and punitive damages of $100 per day until all documents are provided; (3) reasonable expenses and costs in bringing this action; (4) a trial by jury or impaneling of a special grand jury "to expose this Fraud and prohibit the continuing course of civil and criminal conduct," with a special prosecutor appointed; (5) writs of mandamus, procedendo and prohibition commanding respondents to follow the law of Ohio and to prohibit any other disbursement of county funds to other agencies or out-of-county and state non-profit organizations; and (6) damages for actions by the county commissioners in conspiring with the Vets Service Commission.
 {¶ 7} In considering the various claims raised by relator, the magistrate rendered the following conclusions of law:
 {¶ 8} "1. The complaint alleges no acts, omissions, or wrongdoing by Laura Hall, and she should therefore be dismissed as a party to this action for relator's failure to state a claim against her on which relief may be granted.
 {¶ 9} "2. The court of appeals does not have original jurisdiction in criminal matters and cannot order the requested relief in regard to initiating criminal proceedings against the respondents. Therefore, the claims seeking criminal prosecution of respondents must be dismissed for failure to state a claim on which relief may be granted by this court.
 {¶ 10} "3. Writs of mandamus and other extraordinary writs can be issued to compel the performance of an act by a government officer or to prohibit an act. Therefore, to the extent the complaint names retired officials, the court cannot issue the requested writs and the claims must be dismissed for failure to state a claim on which relief may be granted.
 {¶ 11} "4. In its jurisdiction in mandamus, prohibition, etc., the court cannot order monetary damages, and any claim requesting monetary damages must be dismissed for failure to state a claim on which relief may be granted.
 {¶ 12} "5. Relator has not alleged the basic elements of a claim for quo warranto relief. * * * Dismissal is warranted.
 {¶ 13} "6. Claims raised in this action have already been presented to this court in prior actions * * *. Accordingly, the claims in the present action are barred by the doctrines of res judicata and collateral estoppel. Dismissal is warranted.
 {¶ 14} "7. The motion for more definite statement * * * argues that the allegations are lengthy and convoluted, vague and ambiguous. The magistrate agrees that the complaint sets forth a tangle of allegations, many of them general in nature. * * * However, given the conclusions stated above, dismissal is more appropriate than requiring a more definite statement. Accordingly, because dismissal has already been recommended for other reasons, the motion for more definite statement may be denied as moot."
 {¶ 15} In the instant action, respondents moved to dismiss relator's complaint pursuant to Civ.R. 12(B)(6). A motion to dismiss a complaint for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint, and a court will only look to the complaint to determine whether the allegations are legally sufficient to state a claim. Fugett v. Ghee, Franklin App. No. 02AP-618, 2003-Ohio-1510. Our standard of review on a motion to dismiss under Civ.R. 12(B)(6) is de novo, and we must "accept all factual allegations in the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party." Id., at ¶ 11.
 {¶ 16} Mandamus and prohibition are extraordinary remedies, and are to be issued with great caution and discretion, and only when there is a clear legal right to the remedy. State ex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165, 166. The purpose of a writ of mandamus is to "compel the performance of an act which the law specifically enjoins as a duty resulting from an office, trust or station," while the function of prohibition is to "prevent an inferior court or tribunal from usurping or exercising jurisdiction with which it is not legally vested." Id. In order to be entitled to a writ of mandamus, relator must demonstrate: "(1) that he has a clear legal right to the relief prayed for; (2) that respondents are under a clear legal duty to perform the acts; and (3) that relator has no plain and adequate remedy in the ordinary course of the law." State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41, 42.
 {¶ 17} In his objections to the magistrate's decision, relator does not challenge the magistrate's recommendation that respondent Hall be dismissed as a party to this action. Relator's complaint alleged that American Casualty "carries the bond" on respondents Shoemaker and Teater. In her motion to dismiss, respondent Hall argued that she was named in the complaint only because she was the attorney in fact, and because she signed the public official bonds of both respondents Shoemaker and Teater on behalf of her principal, American Casualty. In support of her motion to dismiss, respondent Hall cited case law for the proposition that, under Ohio law, an authorized agent who contracts with a third party on behalf of a disclosed principal is not personally liable on a contract. See Perrysburg Twp. v. Rossford, 149 Ohio App.3d 645,652, 2002-Ohio-5498. As found by the magistrate, relator's complaint alleges no omissions or wrongdoing by respondent Hall, nor does it allege any acts outside the scope of a normal attorney and client relationship, and we agree with the magistrate that the complaint fails to set forth a claim against Hall upon which relief can be granted.
 {¶ 18} Relator also does not challenge the magistrate's recommendation that the claims relating to retired officials, as well as those claims seeking monetary damages, fail to state a claim for which relief in mandamus can be granted. Having reviewed the complaint, we similarly conclude that those claims should be dismissed.
 {¶ 19} We agree with the magistrate that relator's complaint fails to state a claim upon which relief under quo warranto can be granted. An action in quo warranto may be brought by an individual, as a private citizen, only when he or she is personally claiming title to a public office; in all other instances, a complaint for writ of quo warranto must be brought by either the Attorney General or a prosecuting attorney. Wright v. Kings Path Condominium Group, Inc. (2001), 145 Ohio App.3d 275,276. Further, "a complaint for quo warranto can be brought only in the name of the state." Id. at 277. Quo warranto does not apply to the claims set forth in relator's complaint.
 {¶ 20} We also agree with the magistrate's recommendation to dismiss relator's claims seeking to compel initiation of criminal proceedings against respondents. In general, the decision whether to prosecute is discretionary, and not subject to judicial review. Pengov v. White (2001), 146 Ohio App.3d 402, 406, citing State ex rel. Master v. Cleveland (1996), 75 Ohio St.3d 23, 27. See, also, Pierce v. Court of Common Pleas (Apr. 16, 1992), Cuyahoga App. No. 62734 (appellant failed to meet legal requirements for writ of mandamus where decision to prosecute is discretionary and, by virtue of this discretion, "can not impose a clear legal duty on the part of prosecutor to perform the requested act"). (Emphasis sic.) Further, the decision whether to pursue criminal charges is vested in the state, "not with a private citizen." Mantua ex rel. Webb v. Clavner (1993), 88 Ohio App.3d 492, 495. Accordingly, that portion of relator's complaint seeking criminal prosecution against respondents fails to state a claim upon which relief in mandamus can be granted.
 {¶ 21} As previously noted, relator's objections include the assertion that he "seeks to [p]rohibit the unlawful appointment of F.C. Vet Service Commissioner by Respondent Judge Watson." Relator's complaint alleged that commissioners "have been repeatedly appointed in violation" of R.C. 5901.02. Relator's complaint further sought mandamus relief "[p]rohibiting any other disbursement of county funds to other agencies or out of county and state alleged non profit organizations."
 {¶ 22} Mandamus, however, "lies to compel the performance of a clear legal duty, and is not available to restrain or forbid the performance of a specified act, which is the province of the action for injunction." State ex rel. Eagle Properties v. Lake Cty. Bd. of Elections (Sept. 30, 1993), Lake App. No. 93-L-132, citing State ex rel. Hensley v. Nowak (1990), 52 Ohio St.3d 98. Further, "`[w]here a petition filed in the Supreme Court or in the Court of Appeals is in the form of a proceeding in mandamus but the substance of the allegations makes it manifest that the real object of the relator is for an injunction * * * the action must be dismissed for want of jurisdiction.'" State ex rel. Governor v. Taft (1994), 71 Ohio St.3d 1, 3, quoting State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141, paragraph four of the syllabus. Upon review, we conclude that the magistrate properly recommended dismissal of those portions of relator's complaint in which he essentially requests this court to grant prohibitory injunctive relief.
 {¶ 23} We next address relator's contention that the magistrate improperly recommended dismissal of the portion of his complaint seeking the production of public records. The Ohio Supreme Court has recognized that "[m]andamus is the appropriate remedy to compel compliance with R.C. 149.43." State ex rel. Cincinnati Enquirer Div. of Gannett Satellite Info. Network, Inc. v. Dupuis, 98 Ohio St.3d 126, 2002-Ohio-7041, at ¶ 11. Further, "R.C. 149.43 must be construed liberally in favor of broad access to records kept by public offices, and any doubt is to be resolved in favor of disclosure of the records." Id.
 {¶ 24} In the present case, it appears that the magistrate addressed relator's public records request under paragraph six of the conclusions of law, in which the magistrate held that "[c]laims raised in this action have already been presented to this court in prior actions," and therefore "the claims in the present action are barred by the doctrines of res judicata and collateral estoppel." However, a consideration of issues of res judicata or collateral estoppel generally requires looking beyond the pleadings, in which case the appropriate action would be, after proper notice, to convert the motion to dismiss into a motion for summary judgment. See, e.g., Melissa M. v. Jeffrey J. (Jan. 24, 1997), Wood App. No. WD-96-029, at fn. 1 (in general, application of the doctrine of res judicata requires a court to look to evidence outside the pleadings and, therefore, should be raised in, for example, a motion for summary judgment). We would note that, assuming this court may, without converting the motion to dismiss to a motion for summary judgment, appropriately take judicial notice of prior decisions in which relator has made records requests, it is not clear from a review of those cases whether relator was seeking the same records at issue in the instant complaint. Thus, a determination that relator's public records request is barred by res judicata and/or collateral estoppel would, of necessity, require a consideration of matters outside the pleadings. Accordingly, we do not adopt the magistrate's recommendation to grant, on the basis of res judicata and/or collateral estoppel, respondents' motion to dismiss relator's claim that he was denied public records.
 {¶ 25} Based upon the foregoing, relator's objections are sustained to the limited extent that we modify the magistrate's conclusions of law as to relator's public records claim, and we remand this matter to the magistrate for further proceedings on that claim. However, relator's objections are otherwise overruled, as the magistrate properly recommended dismissal of the remaining claims set forth in relator's complaint because they fail to state a claim upon which relief may be granted. Respondent Cincinnati Insurance's motion for more definite statement is granted to the extent it relates to relator's public records claim, and is otherwise rendered moot. Finally, relator's motion to strike is denied. Accordingly, we adopt in part and reject in part the magistrate's decision; respondent Hall's motion to dismiss is granted, and the motion to dismiss filed by respondents Shoemaker, Stokes, Bradley, O'Brien, Speaks and Judge Watson is granted in part and denied in part.
Objections sustained in part and overruled in part; Motions to dismiss granted in part an denied in part; case remanded.
LAZARUS and KLATT, JJ., concur.
 DECISION IN MANDAMUS, PROCEDENDO, PROHIBITION, AND QUO WARRANTO ON MOTIONS TO DISMISS {¶ 26} Relator, John W. Timson, filed a "Complaint for Writs of Mandamus[,] Procendo and Prohibition[,] Quo Waranto." [Sic.] Four motions, including motions to dismiss under Civ.R. 12(B)(6), are before the court, and the magistrate recommends the following dispositions:
 {¶ 27} With respect to the October 18, 2002 motion to dismiss, filed by respondents Arlene Shoemaker and others, the magistrate recommends that the court grant this motion to dismiss under Civ.R. 12(B)(6).
 {¶ 28} With respect to the October 25, 2002 motion to dismiss Laura Hall as a party, filed by Laura Hall, the magistrate recommends that the court grant dismissal of Ms. Hall as a party.
 {¶ 29} With respect to the October 28, 2002 motion for more definite statement, filed by respondent Cincinnati Insurance Company, the magistrate recommends that the court deny this motion as moot.
 {¶ 30} With respect to the October 28, 2002 motion of relator to strike all pleadings falsely certified by the assistant prosecutor and to order that all pleadings from him or the prosecutor be personally served or by certified mail, the magistrate recommends that the court deny this motion as moot.
 {¶ 31} In sum, for the reasons set forth below, the magistrate recommends that this action be dismissed in its entirety.
Procedural History:
 {¶ 32} 1. On September 20, 2002, John W. Timson filed a "Complaint for Writs of Mandamus[,] Procendo and Prohibition[,] Quo Waranto. [Sic.]" He named the following as defendants: "Arlene Shoemaker, President, F.C. Commissioner; Laura Hall, Attorney in Fact, The American Casualty Insurance Co. of Reading, Pa.; Dewey Stokes (Former President) F.C. Commissioner; Karla J. Shenaman, Attorney in Fact, Cincinnati Insurance Company; Dorothy Teater, (Retired) F.C. Commissioner; Administrative Judge Michael Watson; Unknown Bonding Co., for the Faithful Performance of Duties Judge Watson[,] Judges of the Common Pleas Court; David M. Bradley, Director[,] and Commissioners Morello, Sarto, Roberts, Commodore Sprankel, F.C. Veteran Service Commissioners; Ron O'Brien, Franklin County Prosecutor, and His Chief and Asst F.C. Prosecutors, George Speaks, Deputy Administrator, F.C. Commissioners; and Unnamed and Unknown Parties."
 {¶ 33} 2. Relator alleges inter alia that respondents are engaged in a criminal conspiracy to unlawfully appoint Vet Service Commissioners, who agreed not to perform their statutory duties under R.C. 5901.08.
 {¶ 34} 3. Relator alleges that, in furtherance of this criminal scheme, the Franklin County Commissioners give carte blanche approval to and or ignore respondent Bradley's and the Vet Service Commission's clear violations of the Ohio Revised Code in disbursing veteran's funds, including disbursement of funds to persons outside the county and disbursement of funds to civilians. Relator alleges that Bradley and the Vet Service Commissioners illegally disburse Columbus Ohio Transit Authority ("COTA") bus passes. Relator also alleges misuse of "Meals on Wheels" funds and alleges that respondents have ignored a public records request.
 {¶ 35} 4. Relator seeks a writ of mandamus commanding "Respondents to produce the public records they are secreting." Relator further states that this is:
 {¶ 36} "[A]n action in Prohibition from the F.C. Court of Common Pleas and or its Administrative Judge(s) in Procendo [sic], to appoint the Vet Service Commissioner in accordance with the law and Prohibiting them from re-appointing Vet Service Commissioners in violation of the Ohio Revised Code and an action in Quo Warranto, by reason neither the Respondent O'Brien or Ohio Attorney General responds to take any action, and against the Defendant Commissioners who have been repeatedly appointed in violation of the Ohio Revised Code [(]Section 5901.02) and their Bonding Companies to recover the millions of dollars illegally misspent, through Waste, Fraud and Mismanage-ment of the County Commissioners, and F.C. Veterans Service Commissioners * * *."
 {¶ 37} 5. Relator states that he has been unable to obtain an application blank for Emergency Assistance or for Meals on Wheels or for COTA bus passes and has been damaged "in excess of $50,000 and OVER One Million dollars damages to the County Tax payers, and other Veterans denied assistance." He also states respondent Bradley and his administrative assistant defrauded relator "out of $30 for records which they had not provided."
 {¶ 38} 6. The complaint includes several different sections in which relator states his prayer for relief, including the following:
 {¶ 39} "By reason of the foregoing a Writ of Mandamus should issue to provide these document and file them with the court. * * *
 {¶ 40} "* * * Compensatory and Punitive damages of $100. a day until the documents are provided and filed with this court * * *.
 {¶ 41} "* * * Reasonable expenses in bringing this action, plus costs.
 {¶ 42} "* * * Trial by Jury and or the impaneling of a Special Grand Jury to expose this Fraud and prohibit the continuing course of civil and criminal conduct With A special Prosecutor Appointed."
 {¶ 43} Claimant also asks for the following under the heading "Branch Two":
 {¶ 44} "* * * A Writ of Mandamus issue commanding the production of these documents.
 {¶ 45} "are produced and filed with this court.
 {¶ 46} "punitive damages, questions of fact.
 {¶ 47} "* * * Reasonable expenses in bringing this action, plus costs. [Sic.]"
 {¶ 48} 7. Under the heading "Branch III," relator requests the following:
 {¶ 49} "* * * That Writs of Mandamus, Procendo, and Prohibition issue to these Defendant Respondents commanding that follow the law of Ohio (5901 ORC), Prohibiting any other disbursement of county funds to other agencies or out of country and state alleged non profit organizations. Charity begins at Home. [sic] and Commanding Respondents to return the misappropriated fund."
 {¶ 50} 8. Under "Branch IV" relator alleges inter, alia, that the county commissioners, conspiring with the Vets Service Commission, illegally disbursed funds on an emergency basis to provide "Meals on Wheels" for 50 persons under age 60, and further alleges that an Alliance Life Care Bookkeeper stole $5,000 from "Meals on Wheels." Relator alleges that he and other county veterans have been damaged in the amount of $200,000.
 {¶ 51} 9. The complaint includes numerous other allegations and requests.
Conclusions of Law:
 {¶ 52} Four motions are pending: (1) an October 18, 2002 motion to dismiss filed by respondents Arlene Shoemaker and others; (2) an October 25, 2002 motion to dismiss Laura Hall as a party; (3) an October 28, 2002 motion for more definite statement filed by respondent Cincinnati Insurance Company; and (4) an October 28, 2002 motion of relator to strike all pleadings falsely certified by the assistant prosecutor and to order that all pleadings filed by the prosecutor's office be served personally or by certified mail.
 {¶ 53} The magistrate concludes as follows:
 {¶ 54} 1. The complaint alleges no acts, omissions, or wrongdoing by Laura Hall, and she should therefore be dismissed as a party to this action for relator's failure to state a claim against her on which relief may be granted.
 {¶ 55} 2. The court of appeals does not have original jurisdiction in criminal matters and cannot order the requested relief in regard to initiating criminal proceedings against the respondents. Therefore, the claims seeking criminal prosecution of respondents must be dismissed for failure to state a claim on which relief may be granted by this court.
 {¶ 56} 3. Writs of mandamus and other extraordinary writs can be issued to compel the performance of an act by a government officer or to prohibit an act. Therefore, to the extent the complaint names retired officials, the court cannot issue the requested writs and the claims must be dismissed for failure to state a claim on which relief may be granted.
 {¶ 57} 4. In its jurisdiction in mandamus, prohibition, etc., the court cannot order monetary damages, and any claim requesting monetery damages must be dismissed for failure to state a claim on which relief may be granted.
 {¶ 58} 5. Relator has not alleged the basic elements of a claim for quo warranto relief. See, generally, State ex rel. Fenwick v. Finkbeiner (1995), 72 Ohio St.3d 457. Dismissal is warranted.
 {¶ 59} 6. Claims raised in this action have already been presented to this court in prior actions, including State ex rel. Timson v. Edwards, Franklin App. No. 02AP-941 (content of complaint described in magistrate's decision rendered October 21, 2002); State ex rel. Timson v. Sprankel, Franklin App. No. 02AP-702 (see magistrate's decision rendered October 31, 2002); and State ex rel. Timson v. Stokes, Franklin App. No. 02AP-820 (see magistrate's decision rendered September 12, 2002). Accordingly, the claims in the present action are barred by the doctrines of res judicata and collateral estoppel. Dismissal is warranted.
 {¶ 60} 7. The motion for more definite statement, filed by respondent Cincinnati Insurance Company, argues that the allegations are lengthy and convoluted, vague and ambiguous. The magistrate agrees that the complaint sets forth a tangle of allegations, many of them general in nature. For example, it is often unclear as to which respondent (or respondents) an allegation is directed. Although there are some specific allegations that are relatively clear, the complaint overall does not present reasonably intelligible claims on which the court can proceed. However, given the conclusions stated above, dismissal is more appropriate than requiring a more definite statement. Accordingly, because dismissal has already been recommended for other reasons, the motion for more definite statement may be denied as moot.
 {¶ 61} Given all the foregoing conclusions, the magistrate determines that the present complaint should be dismissed in its entirety. Accordingly, the magistrate recommends that the court grant the motions to dismiss and issue a judgment dismissing this action in its entirety, denying all remaining motions as moot.