GOLDSBY, APPELLANT, *v.* GERBER, CORONER, APPELLEE.

(No. 51863 — Decided March 16, 1987.)

*Ticktin, Baron, Kiepper & Co., L.P.A.,* and *Russell Z. Baron,* for appellant Zelma Goldsby.

*John T. Corrigan,* prosecuting attorney, and *Patrick J. Murphy,* for appellee Samuel Gerber, Cuyahoga County Coroner.

MARKUS, C.J. The plaintiff-mother appeals from the dismissal of her action for mandamus, declaratory relief, or injunctive relief. Her complaint sought to compel the county coroner to delete a suicide finding from her daughter's death certificate. She complains that the court required her to prove her claim by clear and convincing evidence, and ruled contrary to the manifest weight of the evidence.

We hold that a decedent's relative cannot challenge the coroner's opinion by the proceedings used here. Hence, the burden of proof and the weight of the evidence have no legal significance. The trial court properly dismissed the plaintiff's action.

I

The plaintiff's daughter died on November 27, 1981. The coroner issued the daughter's death certificate, described her death as "SUICIDE," and explained that the injury was a "self-inflicted gunshot wound." The "Coroner's Verdict," which accompanied the death certificate, contained the following:

"Upon full inquiry based on all known facts, I find that the said Saundra D. Goldsby came to her death officially on the 27th day of November, 1981 at 8001 Vineyard Avenue * * *. There is history that on November 27, 1981, at about 12:53 P.M., the said Saundra D. Goldsby shot herself in the chest at the above address.* * * An autopsy performed at the County Coroner's Office revealed that death was the end result of a gunshot wound and was suicidal in nature."

The "Coroner's Verdict" included a "Report of Autopsy," which stated the following "CAUSE OF DEATH":

"Gunshot wound of chest with lacerations of pulmonary artery and left lung. SUICIDE."

The plaintiff filed this action on January 3, 1984, more than two years

after the coroner issued the contested death certificate. The plaintiff sought (a) a writ of mandamus to compel the coroner to remove all references to suicide from his documents, (b) a declaratory judgment that those findings were beyond the coroner's authority, and (c) an injunction against the coroner's violation of R.C. 313.19 which governs coroners' verdicts.

On May 25, 1984, the plaintiff filed a "Request for Hearing Pursuant to O.R.C. Sec. 313.19." After several preliminary rulings on these matters, the court consolidated this case with the plaintiff's action against a company that insured her daughter's life. Ultimately, the plaintiff tried her insurance case to a jury, and her case against the coroner to the court, in a joint trial. At the conclusion of all the evidence, the court dismissed the plaintiff's action against the coroner.

## II

The physician who attended a decedent's last illness or the coroner has a duty to certify the cause of death. R.C. 3705.27. "If there is reason to believe that the death was caused by unlawful or suspicious means," the coroner is required to investigate and certify the cause of death. *Id.*; R.C. 313.09 and 313.17. An attending physician must notify the coroner if the decedent expired in a suspicious or unusual manner, including criminal or violent means, casualty, or suicide. R.C. 313.12. Others who discover that a person died in such a suspicious or unusual manner have the same responsibility before disturbing the body. R.C. 313.11.

Where the coroner investigates a death from a suspicious or unusual cause, he should record his finding in his verdict and the death certificate. Those documents have evidentiary value for other proceedings. R.C. 313.10, 313.19. They are a special type of admissible public records. See Evid. R. 803(8); R.C.

3705.05. The coroner's finding constitutes the "legally accepted" physiological cause of death, but it may not establish which human agency caused that death. *State* v. *Cousin* (1982), 5 Ohio App. 3d 32, 35, 5 OBR 34, 37-38, 449 N.E. 2d 32, 36.

The plaintiff sought declaratory or injunctive relief to deny that the coroner had authority to make findings whether any death resulted from suicide. The statutes make clear that the coroner has that duty in appropriate cases. See, *e.g.*, R.C. 313.11 (coroner's responsibility to investigate apparent "suicide"); R.C. 313.12 (physician's duty to notify coroner in "suicide" cases); R.C. 313.17 (coroner authorized to subpoena witnesses to inquire whether the deceased died by "violence to self").

The plaintiff also sought mandamus to compel the coroner to change his verdict and death certificate. However, the coroner's finding is a discretionary decision. Ordinarily, mandamus cannot control the exercise of that discretion. *State, ex rel. Gerspacher,* v. *Coffinberry* (1952), 157 Ohio St. 32, 47 O.O. 31, 104 N.E. 2d 1. Mandamus directs a discretionary decision only when reliable, probative and substantial evidence supports that decision, and no reliable, probative and substantial evidence supports a contrary decision. *State, ex rel. Walters,* v. *Indus. Comm.* (1985), 20 Ohio St. 3d 71, 72-73, 20 OBR 402, 403, 486 N.E. 2d 94, 95-96.

In this case, two deputy coroners described the weapon, the wound, and powder burns on the decedent's hand. They gave expert opinions that the plaintiff's daughter died from a self-inflicted gunshot wound. There was no contrary expert opinion. Instead, the plaintiff relies on lay observations about the decedent's mood and activities earlier that day.

We review the weight and sufficiency of evidence for a mandamus action as if the action had been filed in this court.

Cf. *State, ex rel. Bailey,* v. *Indus. Comm.* (1986), 23 Ohio St. 3d 53, 54, 23 OBR 127, 128, 491 N.E. 2d 308, 309 (comparable rule when the Supreme Court reviews a mandamus action filed in an appellate court). The evidence here does not justify mandamus.

Finally, the plaintiff requested a hearing, pursuant to R.C. 313.19, to overturn the coroner's findings. That section provides:

"The cause of death and the manner and mode in which the death occurred, as delivered by the coroner and incorporated in the coroner's verdict and in the death certificate filed with the division of vital statistics, shall be the legally accepted manner and mode in which such death occurred, and the legally accepted cause of death, unless the court of common pleas of the county in which the death occurred, after a hearing, directs the coroner to change his decision as to such cause and manner and mode of death."

This court long ago held that the judicial review provision in R.C. 313.19 is constitutionally void for vagueness. *State, ex rel. Dana,* v. *Gerber* (1946), 79 Ohio App. 1, 34 O.O. 48, 70 N.E. 2d 111. The purported judicial review language fails to define the method or means by which the court's jurisdiction can be invoked or exercised. *Id.* at 14, 34 O.O. at 53, 70 N.E. 2d at 117-118. Nothing explains who can initiate review, when it can be initiated, how it can be initiated, or what standard the court uses for that review.

The plaintiff argues that R.C. Chapter 2506 provided those missing details for appeals from administrative decisions, after its enactment in 1957. However, R.C. Chapter 2506 relates solely to appeals from a "final order, adjudication, or decision" which constitutes "a determination of the rights, duties, privileges, benefits, or legal relationships of a specified person." See R.C. 2506.01. A coroner's findings do not satisfy that definition for an order appealable under R.C. Chapter 2506.

Moreover, this plaintiff failed to comply with mandates for an appeal under R.C. Chapter 2506, which incorporates R.C. Chapter 2505. She did not file the notice of appeal required by R.C. 2505.04. She did not initiate her challenge within ten days after the coroner issued his decision, as R.C. 2505.07(B) requires. If R.C. Chapter 2506 applies to this plaintiff's complaint about the coroner's findings, she has not perfected a proper timely appeal. Consequently, the trial court lacked jurisdiction to entertain such an appeal. *Dudukovich* v. *Housing Authority* (1979), 58 Ohio St. 2d 202, 204, 12 O.O. 3d 198, 200, 389 N.E. 2d 1113, 1115.

### III

As a matter of law, the plaintiff failed to establish her right to any of the relief she sought. Therefore, her two assignments of error have no relevance. She could not prevail, even if the preponderance of the evidence supported her claim, as her first assignment asserts. She could not succeed, even if the trial court imposed the wrong standard of proof, as she contends in her second assignment. Consequently, we overrule her two assignments of error and affirm the trial court's dismissal of her action.

*Judgment affirmed.*

PATTON and MATIA, JJ., concur.