PEREZ ET AL., APPELLANTS, *v.* CLEVELAND, CORONER, APPELLEE.

[Cite as *Perez v. Cleveland* (1993), 66 Ohio St.3d 397.]

(No. 92–947—Submitted April 21, 1993—Decided June 16, 1993.)

*James N. Perry,* for appellants.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, *Scott C. Kirschman* and *Robert E. Taylor,* Assistant Prosecuting Attorneys, for appellee.

---

A. William Sweeney, J.   The determinative issue posed in this appeal is whether appellants' complaint for declaratory relief brought pursuant to R.C. 2721.02 for relief pursuant to 313.19 presents a justiciable claim for relief. For the reasons that follow, we hold that appellants have stated a cause of action under R.C. 313.19, and, therefore, we reverse the judgment of the court of appeals and remand this action for further proceedings.

R.C. 313.19 provides as follows:

"The cause of death and the manner and mode in which the death occurred, as delivered by the coroner and incorporated in the coroner's verdict and in the death certificate filed with the division of vital statistics, shall be the legally accepted manner and mode in which such death occurred, and the legally accepted cause of death, *unless the court of common pleas of the county in which the death occurred, after a hearing, directs the coroner to change his decision as to such cause and manner and mode of death.*"   (Emphasis added.)

While at least three courts of appeals have held the above-emphasized language to be void for vagueness, see *State ex rel. Dana v. Gerber* (1946), 79 Ohio App. 1, 34 O.O. 48, 70 N.E.2d 111; *Goldsby v. Gerber* (1987), 31 Ohio App.3d 268, 31 OBR 553, 511 N.E.2d 417; and *Roark v. Lyle* (App.1952), 68 Ohio Law Abs. 180, 121 N.E.2d 837, the constitutionality of R.C. 313.19 is not before the court in this action.

In reviewing a complaint upon a motion to dismiss pursuant to Civ.R. 12(B)(6), this court has held that a court must presume that all factual allegations of the complaint are true and that all reasonable inferences must be made in favor of the nonmoving party. See, *e.g., Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756. In addition, in order to grant a Civ.R. 12(B)(6) motion to dismiss, it must appear beyond doubt that plaintiffs can prove no set of facts warranting relief. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

Appellants contend that their complaint alleged sufficient facts to withstand the motion to dismiss. We agree.

In reviewing the facts alleged in appellants' complaint under the standard set forth above, we believe appellants have stated a justiciable claim for relief under R.C. 313.19.

Section 16, Article I of the Ohio Constitution provides in part:

"All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay. * * * "

By enacting R.C. 313.19, the General Assembly has provided a way to challenge a coroner's determination of cause of death as set forth in a death certificate.

Here, appellants have presented a real and justiciable controversy under R.C. 313.19, especially in light of the allegation that their reputations as parents and physicians are sullied by the coroner's determination of the cause of death of their infant daughter, as declared in the death certificate, which is indisputably a public record. In addition, appellants allege the sworn testimony of three board-certified forensic pathologists who directly contradict the coroner's determination as to the cause of death of decedent. Given that no inquest was conducted by the coroner pursuant to R.C. 313.17, appellants appear to have no course to even attempt to redress the harm alleged to have been done to their reputations, other than the action set forth in R.C. 313.19.

In *Vargo v. Travelers Ins. Co.* (1987), 34 Ohio St.3d 27, 29–30, 516 N.E.2d 226, 229, fn. 3, this court noted, albeit in *dicta,* that "pursuant to R.C. Chapter 2721, specifically Sections 2721.02, 2721.05(C), 2721.06, 2721.10 and 2721.13, the court of common pleas has jurisdiction to both hear and determine the type of factual questions raised in an R.C. 313.19 action." Given our observation in *Vargo, supra,* we believe it is clear that appellants have a forum to resolve what in our view is a genuine conflict they have with appellee-coroner concerning his official determination as to the cause, manner and mode of the

death of Sarah Perez. As parents of the decedent, appellants have a grievance against appellee that is both real and substantial.

Accordingly, based on all of the foregoing, we reverse the judgment of the court of appeals and remand the cause for further proceedings not inconsistent with this opinion.

*Judgment reversed
and cause remanded.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.