**ESTATE OF SEVERT et al., Appellee,**

v.

**WOOD, Coroner, et al., Appellants.**

[Cite as *Estate of Severt v. Wood* (1995), 107 Ohio App.3d 123.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 95–CA–40.

Decided Oct. 25, 1995.

124

*Ronald C. Parsons,* for appellee.

*William D. Hoffman,* Clark County Assistant Prosecuting Attorney, for appellants.

FREDERICK N. YOUNG, Judge.

Clark County Coroner Dirk G. Wood appeals from the trial court's declaratory judgment ordering him to amend Joy Sue Severt's death certificate to show her cause of death as "undetermined" rather than "suicide."

Wood advances two assignments of error. First, he contends the trial court erred in not finding R.C. 313.19 void for vagueness. Second, he asserts the trial court erred in applying a "preponderance of the evidence" standard when reviewing his opinion concerning Joy Severt's cause of death. He also argues that even under the preponderance standard, the trial court should have sustained his medical opinion.

Wood's appeal stems from Joy Severt's death by a gunshot wound in the early morning hours of February 5, 1993. Shortly before her death, Joy Severt, who was home alone, telephoned her daughter, Tammy Severt, and stated that someone outside Joy Severt's home was banging on the windows. Tammy Severt arrived at her mother's residence approximately five minutes later and, finding neither her mother nor an intruder, called 911 from inside her mother's home.

Shortly thereafter, law enforcement officials arrived at Joy Severt's home and discovered her lying face down in the back yard with an apparent bullet hole in her chest. Officers also discovered a .45 caliber revolver lying beneath her body. A subsequent autopsy confirmed a close range gunshot wound to Joy Severt's chest. Toxicology reports also signaled the presence of the drug benzodiapines in Joy Severt's system.

Based upon his own investigation, the investigation of the Clark County Sheriff's Department, the autopsy report, and the toxicology results, Wood certified Joy Severt's cause of death as "suicide" on February 8, 1993. Approximately six weeks later, Edmund Severt initiated the present action as executor of Joy Severt's estate. Pursuant to R.C. 313.19, he sought an order from the common pleas court directing Wood to change Joy Severt's cause of death from "suicide" to "undetermined."

Wood filed a motion to dismiss Edmund Severt's complaint on April 16, 1993, arguing that R.C. 313.19 is unconstitutional. The trial court subsequently overruled this motion and issued a decision ordering Wood to amend Joy Severt's death certificate to list her cause of death as "undetermined." Wood subsequently filed this timely appeal.

I

In his first assignment of error, Wood contends the trial court erred when it overruled his motion to dismiss Edmund Severt's complaint brought pursuant

to R.C. 313.19. Specifically, Wood claims that R.C. 313.19, which permits a court of common pleas to direct a coroner to change his decision regarding a decedent's cause of death, is constitutionally void for vagueness.

We begin our analysis with a review of R.C. 313.19, which provides:

"The cause of death and manner and mode in which the death occurred, as delivered by the coroner and incorporated in the coroner's verdict and in the death certificate filed with the division of vital statistics, shall be the legally accepted manner and mode in which such death occurred, and the legally accepted cause of death, unless the court of common pleas of the county in which the death occurred, after a hearing, directs the coroner to change his decision as to such cause and manner and mode of death."

In *Vargo v. Travelers Ins. Co.* (1987), 34 Ohio St.3d 27, 516 N.E.2d 226, the Ohio Supreme Court construed R.C. 313.19 and ruled that a coroner's decision " 'is entitled to much weight.' " *Id.* at 30, 516 N.E.2d at 229 (quoting *State v. Manago* [1974], 38 Ohio St.2d 223, 227, 67 O.O.2d 291, 293, 313 N.E.2d 10, 13). The court then held that "the coroner's factual determinations concerning the manner, mode and cause of the decedent's death, as expressed in the coroner's report and death certificate, create a non-binding, rebuttable presumption concerning such facts in the absence of competent, credible evidence to the contrary." *Vargo* at 30, 516 N.E.2d at 229.

The *Vargo* court also explained in dicta that pursuant to R.C. Chapter 2721, commonly known as the Declaratory Judgments Act, a court of common pleas has jurisdiction to resolve factual questions arising in an R.C. 313.19 action. *Id.* at 29–30, 516 N.E.2d at 229, fn. 3. The Ohio Supreme Court reaffirmed its *Vargo* dicta six years later in *Perez v. Cleveland* (1993), 66 Ohio St.3d 397, 613 N.E.2d 199, when it again interpreted R.C. 313.19 and concluded that a declaratory judgment action is the proper means for a plaintiff to challenge a coroner's findings. *Id.* at 399, 613 N.E.2d at 200–201. Finally, last year in *State ex rel. Blair v. Balraj* (1994), 69 Ohio St.3d 310, 631 N.E.2d 1044, the court cited its earlier *Vargo* and *Perez* decisions and noted that "an action for declaratory judgment in the court of common pleas [was] the way to implement R.C. 313.19's hearing provisions in a case where plaintiff sought to have the coroner's verdict changed from 'homicide' to 'natural causes.' " *Id.* at 314, 631 N.E.2d at 1048.

Wood stresses, however, that three Ohio appellate decisions have declared R.C. 313.19 void for vagueness, and he challenges the provision's constitutional validity. The Ohio Supreme Court acknowledged these appellate decisions in *Perez* but declined to address R.C. 313.19's constitutionality because the issue was not properly before the court. *Perez, supra,* 66 Ohio St.3d at 398, 613 N.E.2d at 200.

In support of his argument that R.C. 313.19 is constitutionally infirm, Wood cites *State ex rel. Dana v. Gerber* (1946), 79 Ohio App. 1, 34 O.O. 48, 70 N.E.2d 111, *Roark v. Lyle* (App.1953), 52 O.O. 168, 121 N.E.2d 837, and *Goldsby v. Gerber* (1987), 31 Ohio App.3d 268, 31 OBR 553, 511 N.E.2d 417. In *Dana*, the Cuyahoga County Court of Appeals articulated the crux of Wood's argument, holding that G.C. 2855–16 (now R.C. 313.19) "attempts to vest the Court of Common Pleas with jurisdiction to review the findings of the coroner but does not provide the method or means by which such jurisdiction shall be invoked or exercised, and does not provide some mode or method which will guarantee the parties their constitutional rights to have their day in court and is inoperative and void for uncertainty and indefiniteness." *Dana, supra,* at syllabus.

The Hamilton County Court of Appeals adopted *Dana*'s reasoning and conclusions in a one-sentence *per curiam* opinion in 1952. *Roark, supra,* 52 O.O. at 168, 121 N.E.2d at 837. Similarly, in *Goldsby* the Cuyahoga County Court of Appeals cited approvingly to its earlier *Dana* ruling and noted: "This court long ago held that the judicial review provision in R.C. 313.19 is constitutionally void for vagueness. The purported judicial review language fails to define the method or means by which the court's jurisdiction can be invoked or exercised. Nothing explains who can initiate review, when it can be initiated, how it can be initiated, or what standard the court uses for that review." (Citations omitted.) *Goldsby, supra,* 31 Ohio App.3d at 270, 31 OBR at 555, 511 N.E.2d at 420.

Wood urges this court to adopt the reasoning first articulated in *Dana* and later followed in *Roark* and *Goldsby*. However, we respectfully disagree with the contention that R.C. 313.19 is unconstitutionally void for vagueness. In so doing, we rely upon the Ohio Supreme Court's repeated pronouncements, discussed *supra,* that an action for a declaratory judgment in the court of common pleas is the proper means to implement R.C. 313.19 and challenge a coroner's findings. Although the court has not definitively addressed whether R.C. 313.19 is void for vagueness, its ruling that a declaratory judgment action is the proper vehicle to challenge a coroner's conclusions resolves much of R.C. 313.19's ambiguity.

We recognize, as Wood stresses, that R.C. 313.19 does not delineate the method or means by which the common pleas court's jurisdiction can be invoked. Nor does the statute explain who can initiate review, when it can be initiated, or what standard the court should apply when conducting that review. However, we believe the Ohio Supreme Court's *Vargo, Perez,* and *Blair* decisions provide significant guidance.

As noted above, the Ohio Supreme Court identified an action for declaratory judgment as the proper means of invoking R.C. 313.19's hearing provision. See *Vargo, supra,* 34 Ohio St.3d at 29–30, 516 N.E.2d at 229, fn. 3 (noting that under R.C. Chapter 2721, the Declaratory Judgments Act, the common pleas court "has

jurisdiction to both hear and determine the type of factual questions raised in an R.C. 313.19 action."); *Blair, supra,* 69 Ohio St.3d at 314, 631 N.E.2d at 1047–1048 (identifying a declaratory judgment as the proper method to challenge a coroner's findings pursuant to R.C. 313.19). Consequently, we cannot agree that the statute is unconstitutionally vague because it fails to identify the method or means by which the common pleas court's jurisdiction can be invoked.

Similarly, we reject Wood's assertion that R.C. 313.19 is unconstitutionally vague because it fails to identify who may initiate a review of the coroner's conclusions. Having determined that a declaratory judgment action is the proper mechanism to invoke R.C. 313.19, Ohio case law defines who may initiate such a review. In *Schaefer v. First Natl. Bank* (1938), 134 Ohio St. 511, 13 O.O. 129, 18 N.E.2d 263, the Ohio Supreme Court declared that a plaintiff must present a "real and substantial controversy" to be afforded relief through the special remedy of a declaratory judgment. *Id.* at paragraph three of the syllabus. Moreover, resolution of that controversy must confer certain rights or status upon the litigants. *Corron v. Corron* (1988), 40 Ohio St.3d 75, 79, 531 N.E.2d 708, 712, citing *Radaszewski v. Keating* (1943), 141 Ohio St. 489, 26 O.O. 75, 49 N.E.2d 167. Finally, a court may not issue a declaratory judgment constituting merely an advisory opinion " 'upon a hypothetical state of facts.' " *Bilyeu v. Motorists Mut. Ins. Co.* (1973), 36 Ohio St.2d 35, 36, 65 O.O.2d 179, 179–180, 303 N.E.2d 871, 873, quoting *Aetna Life Ins. Co. v. Haworth* (1937), 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617, 621.

We believe these guidelines adequately identify who may initiate a declaratory judgment action. In the context of R.C. 313.19, a plaintiff must demonstrate an interest in a real and substantial controversy concerning the coroner's findings. In the present case, the trial court apparently determined that Edmund Severt, as husband of the decedent and executor of her estate, had a sufficient interest in Joy Severt's cause of death to maintain a declaratory judgment action. In any event, we need not review the sufficiency of Edmund Severt's interest since it has not been challenged on appeal. Wood asserts only that R.C. 313.19 is void for vagueness because it fails to identify who may initiate an R.C. 313.19 challenge. For the foregoing reasons, however, we reject this argument.

Likewise, we reject Wood's assertion that R.C. 313.19 is unconstitutionally vague because it fails to identify what standard the common pleas court should use when reviewing a coroner's decision. In so doing, we rely in part upon R.C. 2721.10, which provides that when a declaratory judgment action involves an issue of fact, "such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending."

Thus, the same general rules applicable to other legal proceedings also apply to declaratory judgment actions. As with other civil actions, the plaintiff in a declaratory judgment suit must prove each allegation in his complaint by a preponderance of the evidence. *Coventry Twp. Bd. of Trustees v. Augustine* (June 19, 1985), Summit App. No. 11906, unreported, 1985 WL 10753 (citing *Berlin v. Kilpatrick* [C.P.1958], 15 O.O.2d 73, 172 N.E.2d 339).

In the present case, Joy Severt's cause of death was a question of fact for the trial court to resolve. As noted earlier, a coroner's findings create "a non-binding, rebuttable presumption concerning such facts in the absence of competent, credible evidence to the contrary." *Vargo, supra,* 34 Ohio St.3d at 30, 516 N.E.2d at 229. Consequently, Edmund Severt bore the burden of establishing, by a preponderance of competent, credible evidence to the contrary, that the coroner's opinion was inaccurate. Having reached this conclusion, we cannot agree with Wood's claim that R.C. 313.19 is unconstitutional because it fails to articulate what standard the trial court should apply when reviewing the coroner's factual determinations.

We also reject Wood's claim that R.C. 313.19 is void for vagueness because it fails to identify when a review of the coroner's findings may occur. Wood is correct in his assertion that R.C. 313.19 does not define precisely when a challenge to a coroner's ruling may be raised. However, we do not find such imprecision constitutionally fatal in the present case. Wood certified Joy Severt's cause of death as suicide on February 8, 1993. On March 23, 1993, Edmund Severt initiated the present action on behalf of Joy Severt's estate.

Obviously, a declaratory action challenging a coroner's ruling cannot be initiated until the coroner completes his investigation and certifies the cause of death. Edmund Severt filed his complaint approximately six weeks after the coroner reached his decision. By so doing, we believe Edmund Severt acted in a reasonable and timely fashion, and we are unprepared to declare R.C. 313.19 void for vagueness because it fails to articulate an outer time limit for plaintiffs' challenges. It is well settled that all legislation enjoys a presumption of constitutionality. *Sedar v. Knowlton Constr. Co.* (1990), 49 Ohio St.3d 193, 199, 551 N.E.2d 938, 944 (citing *Hardy v. VerMeulen* [1987], 32 Ohio St.3d 45, 48, 512 N.E.2d 626, 629–630; *State v. Dorso* [1983], 4 Ohio St.3d 60, 61, 4 OBR 150, 150–151, 446 N.E.2d 449, 450–451; *State ex rel. Dickman v. Defenbacher* [1955], 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59). Moreover, when a party raises a constitutional challenge to a statute, " 'courts must apply all presumptions and pertinent rules of construction so as to uphold, if at all possible,' " the legislation's validity. *Sedar, supra,* 49 Ohio St.3d at 199, 551 N.E.2d at 944 (quoting *Dorso, supra,* 4 Ohio St.3d at 61, 4 OBR at 151, 446 N.E.2d at 450).

In light of this judicial deference to acts of the legislature, we decline to find R.C. 313.19 unconstitutional because it fails to articulate some statute of limitations for actions challenging a coroner's findings. Based upon the facts before us, we believe Edmund Severt clearly initiated his challenge within a reasonable time. Accordingly, we conclude that R.C. 313.19 is not *per se* unconstitutional simply because it fails to identify when a plaintiff may contest the coroner's ruling.

Finally, Wood contends R.C. 313.19 is unconstitutional because it vests the coroner with power to make a judicial determination binding upon all persons, even those not involved with the coroner's investigation. However, the Ohio Supreme Court rejected this argument in *Vargo*, noting that it never has interpreted R.C. 313.19 as "conclusively setting forth the manner, mode and cause of death." *Vargo, supra*, 34 Ohio St.3d at 30, 516 N.E.2d at 229. Rather, the court held, "the coroner's factual determinations concerning the manner, mode and cause of the decedent's death, as expressed in the coroner's report and death certificate, create a *non-binding, rebuttable presumption* concerning such facts in the absence of competent, credible evidence to the contrary." (Emphasis added). *Id.* As a result, "neither the coroner's report nor the death certificate is conclusive concerning the manner, mode or cause of death." *Id.* at 31, 516 N.E.2d at 230. See, also, *Blair, supra*, 69 Ohio St.3d at 314, 631 N.E.2d at 1048 (" 'R.C. 313.19 does not deprive a civil litigant of due process of law. The statute does not compel the fact-finder to accept, as a matter of law, the coroner's factual findings concerning the manner, mode and cause of decedent's death.' ").

Nor does R.C. 313.19 represent an attempt by the legislature to vest the coroner with the power to make *ex parte* judicial decisions. Rather, "R.C. 313.19 merely recognizes the quasijudicial character of the coroner's statutorily mandated duty to ascertain, in certain cases, a person's cause of death." *Vargo*, 34 Ohio St.3d at 30, 516 N.E.2d at 229. Consequently, we reject Wood's argument and overrule his first assignment of error.

## II

In his second assignment of error, Wood asserts that the trial court erred by not requiring Edmund Severt to show that the coroner abused his discretion when he declared Joy Severt's death a suicide. Specifically, Wood urges this court to treat declaratory judgment actions under R.C. 313.19 as analogous to appeals from administrative orders pursuant to R.C. Chapter 2506.

In support of his argument, Wood relies upon *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 12 O.O.3d 198, 389 N.E.2d 1113. At issue in *Dudukovich* was whether the housing authority acted improperly in firing Marie Dudukovich. The housing authority justified its decision by citing a

variety of alleged deficiencies related to Dudukovich's job performance. *Id.* at 202, 12 O.O.3d at 198–199, 389 N.E.2d at 1114. Dudukovich appealed the agency's decision to the common pleas court, which reversed the board's ruling and ordered Dudukovich reinstated. *Id.* at 203, 12 O.O.3d at 199–200, 389 N.E.2d at 1114–1115. The court of appeals subsequently affirmed, and the agency appealed to the Ohio Supreme Court.

Although the Ohio Supreme Court ultimately affirmed the lower court rulings, Wood stresses the *Dudukovich* court's declaration that a trial court may not "blatantly substitute its judgment for that of the agency, especially in areas of administrative expertise." *Id.* at 207, 12 O.O.3d at 202, 389 N.E.2d at 1117. While this statement indicates some deference for agency findings, it does not direct the trial court to adopt an "abuse of discretion" standard when reviewing an agency's ruling. Indeed, in the sentence preceding that cited by Wood, the *Dudukovich* court concluded: "Thus, it is quite evident that the Court of Common Pleas must weigh the evidence in the record, and whatever additional evidence may be admitted * * *, to determine whether there exists *a preponderance of reliable, probative and substantial evidence to support the agency decision.*" (Emphasis added.) *Id.* Moreover, the court noted that "the key term is 'preponderance.' If a preponderance of reliable, probative and substantial evidence exists, the Court of Common Pleas must affirm the agency decision; if it does not exist, the court may reverse, vacate, modify or remand." *Id.* See, also, *Sterling Drug, Inc. v. Wickham* (1980), 63 Ohio St.2d 16, 24, 17 O.O.3d 10, 15, 406 N.E.2d 1363, 1369 (affording agency rulings a presumption of correctness and placing upon the plaintiff the burden of rebutting this presumption with a preponderance of substantial, probative, and reliable evidence).

■ In light of this language, we fail to find Wood's argument compelling. *Dudukovich* does little, if anything, to support his claim that a plaintiff in an R.C. 313.19 action must show that the coroner's ruling constitutes an abuse of discretion. Rather, the opinion tends to support this court's position, discussed more fully in Wood's first assignment of error, that a plaintiff must demonstrate by a preponderance of the evidence that the coroner's ruling is inaccurate. Consequently, we reject Wood's assertion.

■ Nevertheless, Wood contends that even under a "preponderance of the evidence" standard, the trial court erred in rejecting the coroner's findings. However, based upon our review of the record, we cannot agree that the trial court erred when it directed the coroner to change Joy Severt's cause of death from "suicide" to "undetermined."

The record contains sufficient probative evidence for the trial court to have found, by a preponderance of the evidence, that Joy Severt's cause of death was

unknown. Although a coroner's findings are entitled to "much weight," *Vargo, supra*, 34 Ohio St.3d at 30, 516 N.E.2d at 229–230, Edmund Severt presented competent, credible evidence supporting his argument that Joy Severt's death was not self-inflicted. While Wood also presented significant evidence tending to show that Joy Severt's death was a suicide, we cannot say that the trial court abused its discretion when it found Joy Severt's cause of death to be uncertain. The phrase "abuse of discretion" refers to something more than an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1141–1142. "[I]t implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Id.* As we noted recently in *McLin v. Leigh* (1991), 74 Ohio App.3d 127, 598 N.E.2d 731, a reviewing court may not find an abuse of discretion and reverse a judgment supported by some competent, credible evidence. Having determined that Edmund Severt presented such evidence, we overrule Wood's second assignment of error and affirm the trial court's decision.

*Judgment affirmed.*

WOLFF and GRADY, JJ., concur.