DECISION AND JUDGMENT ENTRY
This case comes before the court as an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, which granted appellee's motion to dismiss appellants' complaint pursuant to Civ.R. 12(B)(6). Appellants, Jeffery A. Kaleda and Debra R. Kaleda, assert the following assignment of error:
 "THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S CIV.R. 12(B)6[sic] MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED."
The following facts are taken from appellants' complaint and the 1995 lease attached to that complaint. On May 30, 1994, Deborah Kaleda, then known as Deborah Sentner, entered into a one year lease with appellee, The Whitehurst Company ("Whitehurst"), for the rental of a residential apartment. Under the terms of the lease, specifically Paragraph 39, either Deborah or Whitehurst could elect not to renew the lease by providing the other party with a written notice of intent to terminate one month before the expiration of the one year period. According to appellants' complaint, written leases containing the same term for nonrenewal were executed by Whitehurst and Deborah Sentner Kaleda for the ensuing years.
On April 28, 1999, Whitehurst sent appellants a notice of an intent not to renew the lease. Appellants vacated the rented premises by May 31, 1998. On September 15, 1999, appellants filed the instant action. In their complaint, Count One alleged that appellants' tenancy was terminated in retaliation for the exercise of their rights under R.C. 5321.04, a violation of R.C. 5321.04(A)(3) [sic] and the public policy of Ohio." Count Two asserted a "material and malicious breach of the subject rental contract." Count Three claimed that Whitehurst breached a duty of "good faith" by refusing to renew their lease. Count Four alleged a "conspiracy" between the manager of another rental property owned by Whitehurst and Whitehurst itself to bar appellants from residing in or on any property owned by Whitehurst. Appellants requested damages under all four counts of the complaint.
Whitehurst filed, pursuant to Civ.R. 12(B)(6), a motion to dismiss appellants' complaint for failure to state a claim upon which relief could be granted. Whitehurst stated that under R.C.5321.06, a landlord and tenant could include in a lease any terms or conditions related to, among other things, the duration of the agreement. Whitehurst argued that Paragraph 39 was in conformity with R.C. 5321.06 and that Whitehurst followed the procedure outlined in that paragraph; therefore, Whitehurst concluded that it had a right not to renew appellant's lease and that appellants' allegations as to the cause of the nonrenewal were irrelevant. The trial court agreed with Whitehurst and granted the motion to dismiss, finding that appellants's claims would be viable only if the lease was terminated during the lease term.
In reviewing a complaint upon a motion to dismiss pursuant to Civ.R. 12(B)(6), a court must presume all factual allegations in the complaint are true for purposes of the motion.Fahnbulleh v. Strahan (1995), 73 Ohio St.3d 666, 667; Perez v.Cleveland (1993), 66 Ohio St.3d 397, 399. All reasonable inferences must be made in favor of the nonmoving party. Id.
Civ.R. 12(B)(6) motions should be granted only where the allegations in the complaint show the court beyond doubt that the plaintiff can prove no set of facts upon which he might recover, or where the claim is predicated on some writing attached to the complaint pursuant to Civ.R. 10(D), and that writing presents an insuperable bar to relief. Slife v. Kundtz Properties (1974),40 Ohio App.2d 179, 185-186; Tackett Tire Sales, Inc. v. Bank OneDayton (June 21, 1996) Montgomery App. No. 15595, unreported. See, generally, McCormac, Ohio Civil Rules Practice (2.Ed. 1992) 147, Section 6.20.
Appellants urge that their complaint states a claim predicated on the retaliatory termination of their tenancy by Whitehurst. We disagree. If a tenant complains to a landlord concerning the landlord's failure to fulfill his or her obligations, e.g., the failure to keep the premises safe and sanitary, as listed in R.C. 5321.04, the landlord may not retaliate against the tenant by increasing the rent, decreasing services due the tenant or by bringing or threatening to bring and action for possession of the tenant's premises. R.C.5321.02(A)(2). If the landlord engages in retaliatory conduct, the tenant may, inter alia, recover actual damages from the landlord. R.C. 5321.02(B)(3). A reading of these provisions reveals that they are applicable if a landlord engages in retaliatory conduct during the term of the tenancy. Nothing in R.C. 5321.02 or the remainder of R.C. Chapter 5321 precludes the nonrenewal of a lease upon the expiration of a term of tenancy. In fact, and as noted by Whitehurst, the parties to a lease may expressly provide terms and conditions governing the duration of that agreement. R.C. 5321.06. Here, Whitehurst followed the steps required in Paragraph 39 for nonrenewal of the lease. This was not an "action for possession" or a threat to take such action. Thus, taking all facts as stated in the pleadings as true and construing all inferences in favor of appellants, appellants offered no set of facts relevant to Counts One, Two and Three under which they might recover. Furthermore, the lease itself offers an insuperable bar to relief under those counts.
As to Count Four, appellants attempted to set forth a claim of civil conspiracy. The tort of civil conspiracy is "a malicious combination of two or more persons to injure another in person or property in a way not competent for one alone, resulting in actual damages." Kenty v. Transamerica Premium Ins. Co.
(1995), 72 Ohio St.3d 415, 419, quoting LeFort v. Century21-Maitland Realty Co. (1987), 32 Ohio St.3d 121, 126. An underlying unlawful act, such as fraud, is required before a civil conspiracy claim can succeed. Williams v. Aetna Finance Co.
(1998), 83 Ohio St.3d 464, 475.
Here, appellants failed to set forth a cognizable claim that would underlie a conspiracy claim. The facts in the complaint related to this claim simply state that appellants applied for the rental of an apartment at another property owned by Whitehurst, that they were told by the manager that they could rent an apartment at that property and that this offer was subsequently withdrawn. Even in construing these facts in a light most favorable to appellants, one cannot infer an underlying unlawful act. Accordingly, appellants' sole assignment of error is found not well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. The costs of this appeal are assessed to appellants.
Peter M. Handwork, J., James R. Sherck, J., George M. Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.