DECISION AND JUDGMENT ENTRY
This case comes before the court as an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, which granted appellee's motion to dismiss appellant's complaint pursuant to Civ.R. 12(B)(6). Appellant, Mark Grosko, asserts the following assignments of error:
 "A. The court failed to recognize that the contract was ambiguous in that defendant's bonus discretion was dependent at least in part on "DCC's profitability and individual performance", and those matters remained fordiscovery and trial.
 "B. The court failed to realize the facts alleged, especially after discovery, could show DCCCommercial Credit acted in bad faith by awardingMr. Grosko bonuses substantially below those of others with similar performance; DCC's discretion must have been exercised in good faith."
The following facts are taken from appellant's complaint and the letter attached. In the letter, dated June 7, 1989, appellee, Dana Commercial Credit ("DCC"), extended an offer of employment to appellant, which appellant subsequently accepted. Appellant worked for DCC from July 1, 1989, through the first week of October 1995, during which time he received bonuses from DCC in addition to his regular salary. On October 15, 1999, appellant filed a complaint against DCC for breach of contract. In his complaint, appellant claimed the letter he had received from DCC in 1989 offering him employment was an employment contract, and that the bonuses he had received were "well below" what he had been promised in that contract. Appellant claimed damages in an amount "not less than $66,508.85."
DCC filed a motion to dismiss appellant's claim, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief could be granted. DCC claimed that while the letter contained descriptions of compensation, benefits, and opportunities for advancement, it specifically stated twice that bonuses were discretionary. The court agreed, granting DCC's motion in an order dated February 3, 2000.
In reviewing a complaint upon a motion to dismiss pursuant to Civ.R. 12(B)(6), a court must presume all factual allegations in the complaint are true for the purposes of the motion. Fahnbulleh v. Strahan (1995), 73 Ohio St.3d 666, 667;Perez v. Cleveland (1993), 66 Ohio St.3d 397, 399. All reasonable inferences must be made in favor of the nonmoving party. Id.
Civ.R. 12(B)(6) motions should be granted only where the allegations in the complaint show the court beyond doubt that the plaintiff can prove no set of facts upon which he might recover, or where the claim is predicated on some writing attached to the complaint pursuant to Civ.R. 10(D), and that writing presents an insuperable bar to relief. Slife v. Kundtz Properties (1974),40 Ohio App.2d 179, 185-86; Tackett Tire Sales, Inc. v. Bank OneDayton (June 21, 1996) Montgomery App. No. 95-2377, unreported. See, generally, McCormac, Ohio Civil Rules Practice (2.Ed. 1992) 147, Section 6.20. For the purposes of this appeal, we will refer to the letter attached to appellant's complaint as a contract.
The purpose of contract construction is to discover and effectuate the parties' intent, which is presumed to reside in the language they choose to use in the agreement. Graham v.Drydock Coal Co. (1996), 76 Ohio St.3d 311, 313. If a contract is clear and unambiguous, there is no issue of fact to be determined.Inland Refuse Transf. Co. v. Browning-Ferris Indus. (1984),15 Ohio St.3d 321, 322. The court cannot create a new contract by finding an intent not expressed in the clear language employed by the parties. Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241,246. The test for determining whether a term is ambiguous is that common words in a written contract will be given their ordinary meaning unless manifest absurdity results or unless some other meaning is clearly evidenced from the face or overall content of the contract. Aultman Hosp. Assn. v. Community Mut.Ins. Co. (1989), 46 Ohio St.3d 51, 54, citing _Alexander at paragraph two of the syllabus.
In his first assignment of error, appellant claims the trial court erred by failing to recognize the contract was ambiguous. We disagree. The contract stated:
 "As far as compensation, we are prepared to offer you a starting base salary of $35,000. Additionally, you will be eligible to participate in our bonus arrangement. Although our bonuses are discretionary and are a function of DCC's profitability and individual performance; historically, bonuses have ranged anywhere from 10% to 25% of base compensation. Individuals that make significant contributions and demonstrate exceptional performance obviously receive higher ranging bonuses. In the marketing capacity that we intend to utilize you, there will clearly be substantial bonus potential. Accordingly, despite the fact that bonuses are discretionary, we believe that it is appropriate for you to consider potential bonus and base salary in the aggregate as total compensation."
The contract speaks of appellant's "potential" to receive bonuses; however, it clearly states bonuses are based on DCC's discretion. Although the contract gives historical data regarding the range of past bonuses and mentions factors that influence bonuses, apparently in an effort to attract appellant as an employee, it does not promise a precise amount or exactly how this amount will be calculated. Therefore, taking all facts as stated in the pleadings as true and construing all inferences in favor of appellant, we find appellant's first assignment of error not well-taken.
In his second assignment of error, appellant claims the trial court erred by failing to realize that discovery may have shown that DCC acted in bad faith. However, appellant did not raise this issue in his complaint, and the trial court did not consider it. Therefore, we shall not consider this issue. Accordingly, appellant's second assignment of error is found not well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
 _____________________ GLASSER, J.
 Peter M. Handwork, J., James R. Sherck, J., JUDGES CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.