ORIGINAL ACTION JOURNAL ENTRY AND OPINION
Relator, Henry Hall, filed a complaint for a writ of quo warranto pursuant to R.C. 2733.01(B) in which he seeks: 1) a correction of his sentencing journal entry; 2) to have his current sentence set aside; 3) to be allowed to withdraw his guilty plea; and 4) for this court make a determination as to whether the sentencing court had the right and or jurisdiction to sentence the defendant to maximum time outside a pre-arranged plea bargain. For the following reasons, we sua sponte dismiss the relator's complaint.
In order for a court to dismiss a case pursuant to Civ.R. 12(B)(6), it must appear beyond a doubt from the complaint that the relator can prove no set of facts warranting relief. State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas (1995), 72 Ohio St.3d 461, 650 N.E.2d 899; Perez v. Cleveland (1993), 66 Ohio St.3d 397, 613 N.E.2d 199; O'Brien v. Univ. Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242,327 N.E.2d 753. Furthermore, when determining whether a complaint states a claim upon which relief may be granted, all the factual allegations within the complaint must be presumed true and all reasonable inferences must be drawn in favor of the plaintiff. Perez v. Cleveland, supra.
R.C. 2733.01(B) reads, a civil action in quo warranto may be brought in the name of the state against a public officer, civil or military, who does or suffers an act which, by law, works a forfeiture of his office.
As noted above, the relator is attempting to correct alleged sentencing errors for which a writ for quo warranto does not lie. Furthermore, an individual may only bring an action in quo warranto when he or she is personally claiming title to a public office. R.C. 2733.06; State ex rel. Halak v. Cebula (1977), 49 Ohio St.2d 291, 361 N.E.2d 244; State ex rel. Annable v. Stokes (1970), 24 Ohio St.2d 32, 262 N.E.2d 863; State ex rel. Lindley v. Maccabees (1924), 109 Ohio St. 454, 142 N.E. 888; State ex rel. Silvey, et al. v. Miami Conservancy Dist. Co. (1919),100 Ohio St. 483, 128 N.E. 87. Otherwise, it must be brought by the attorney general or a prosecuting attorney, R.C. 2733.04; State ex rel. Annable v. Stokes, supra. Moreover, a complaint for quo warranto must be brought in the name of the state. Ohio M.R. Co. v. State ex rel. Prosecuting Attorney (1892), 49 Ohio St. 668, 32 N.E.2d 933.
Accordingly, because the complaint for a writ of quo warranto pursues an improper remedy, does not involve a public office, was not brought by the attorney general or prosecuting attorney, and because it was not brought in the name of the state, we find that relator's complaint fails to state a claim upon which relief can be granted and must be dismissed per Civ.R. 12(B)(6). It is further ordered that the Clerk of the Eighth District Court of Appeals shall serve notice of this judgment and date of entry upon all parties pursuant to Civ.R. 58(B). Cost to relator.
Writ dismissed.
MICHAEL J. CORRIGAN, P.J., AND ANNE L. KILBANE, J., CONCUR.