DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on the motion of respondents, the Lucas County Prosecutor's office and Assistant Prosecutor Andrew Lastra, to dismiss relator Terrance James Davis' petition for a writ of mandamus for failure to state a claim upon which relief may be granted.
 {¶ 2} In 2001, a jury in the Lucas County Court of Common Pleas convicted relator of robbery, burglary and receiving stolen property. Relator was sentenced to a total of sixteen years imprisonment for these offenses. Subsequent to this, appellant filed both a direct appeal and a petition for postconviction relief. He also initiated the petition for a writ of mandamus which in now before us.
 {¶ 3} Relator claims he was denied discovery of exculpatory evidence in his criminal case. He now seeks to obtain this purported exculpatory evidence pursuant to Ohio's Public Records Act, R.C. 149.43. Respondents suggest the writ is an improper vehicle for appellant to obtain that which he seeks.
 {¶ 4} For a petition for a writ of mandamus to be dismissed for failure to state a claim upon which relief may be granted, it must appear beyond doubt from the petition that a relator can prove no set of facts which warrant relief. Perez v. Cleveland (1993), 66 Ohio St.3d 397, 399.
 {¶ 5} An action for mandamus is not a substitute for a direct appeal. State ex rel. Ratliff v. Marshall (1972), 30 Ohio St.2d 101, 102. To the extent that relator complains that the trial court erroneously denied him the material he seeks pursuant to Crim.R. 16, that subject is properly the subject of relator's direct appeal and, therefore, not available as the basis for extraordinary relief. Moreover, as respondents properly point out, a demand for public records pursuant to R.C. 149.43 is not a proper substitute for criminal discovery afforded a defendant under Crim.R. 16. State ex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420, paragraphs 2, 4 and 6 of the syllabus. Consequently, relator can prove no set of facts warranting the relief he seeks. Respondent's motion for dismissal of the petition pursuant to Civ.R. 12(B)(6) is, therefore, well-taken and is, hereby, granted.
 {¶ 6} Petition dismissed at petitioner's costs.
PETITION DISMISSED.
James R. Sherck, J., Melvin L. Resnick, J., and Mark L. Pietrykowski,P.J., CONCUR.