[Cite as *Hampton v. Cleveland*, 2016-Ohio-1226.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103244**

## WILLIAM HAMPTON

PLAINTIFF-APPELLEE

vs.

## CITY OF CLEVELAND

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-842205

**BEFORE:** Keough, P.J., Kilbane, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 24, 2016

**ATTORNEYS FOR APPELLANT**

Barbara Langhenry
Director of Law
Annette G. Butler
Assistant Director of Law
City of Cleveland Law Department
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114


**ATTORNEY FOR APPELLEE**

James M. Johnson
110 Hoyt Block Building
700 West St. Clair Building
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Defendant-appellant, the city of Cleveland, appeals from the trial court's judgment denying its Civ.R. 12(B)(6) motion to dismiss the complaint of plaintiff-appellee, William Hampton. For the reasons that follow, we affirm.

## I. Background

{¶2} In March 2015, Hampton filed suit against the city. His complaint alleged that on December 6, 2013, he was a passenger in the backseat of a police cruiser. His complaint further alleged that the cruiser was being operated by a Cleveland police officer who, "while in the course and scope of his employment with the city of Cleveland and not while responding to an emergency * * * negligently caused the vehicle he was operating to lose control and strike a concrete barrier." Hampton's complaint alleged that he suffered injuries as a result of the officer's negligence, and it sought damages of $5,000, along with interest, attorney fees, and costs from the city.

{¶3} The city subsequently filed a Civ.R. 12(B)(6) motion to dismiss the complaint, asserting that it was immune from liability. The trial court denied the city's motion, and this appeal followed.

## II. Analysis

{¶4} In its single assignment of error, the city contends that the trial court committed reversible error in denying its Civ.R. 12(B)(6) motion to dismiss Hampton's complaint.

A. Civ.R. 12(B)(6)

**{¶5}** A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). A trial court must presume all factual allegations in the complaint to be true and must make all reasonable inferences in favor of the nonmoving party. *Garofalo v. Chicago Title Ins. Co.*, 104 Ohio App.3d 95, 104, 661 N.E.2d 218 (8th Dist.1995), citing *Perez v. Cleveland*, 66 Ohio St.3d 397, 613 N.E.2d 199 (1993). Thus, a motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

**{¶6}** We review the trial court's judgment on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

B.      Governmental Immunity

**{¶7}** Determining whether a governmental entity is immune from tort liability involves a three-step analysis. *Elston v. Howland Local Schools*, 113 Ohio St.3d 314, 2007-Ohio-2070, 865 N.E.2d 845, ¶ 10. First, R.C. 2744.02(A)(1) sets forth the general blanket immunity applicable to political subdivisions. It provides that a political subdivision is generally not liable in a civil action for injury, death, or loss to person or property incurred while performing governmental or proprietary functions. To overcome this immunity, a plaintiff must show that one of the five exceptions contained in R.C. 2744.02(B) applies. These exceptions are:

1. negligent operation of a motor vehicle, unless the police officer, firefighter, or ambulance personnel operating the vehicle was responding to an emergency call and the operation of the vehicle did not constitute willful or wanton misconduct;

2. negligent conduct of employees while carrying out a proprietary function;

3. a municipality's failure to keep roads and sidewalks free from nuisance;

4. injury or loss that occurs on or within buildings used for governmental functions and is caused by the negligence of the municipality's employees; and

5. any other situation in which liability is expressly imposed by the Revised Code.

{¶8} If a plaintiff demonstrates that one of the five enumerated exceptions to governmental immunity applies, a political subdivision may then assert one of the defenses set forth in R.C. 2744.03(A) to revive its immunity.

{¶9} The city argues that all of the allegations in Hampton's complaint relate to the provision of police services, which is a governmental function, and that "clearly, none of the R.C. 2744.02(B)(1)-(5) exceptions apply to the claims contained in the complaint." Therefore, it contends that it is immune from liability, and hence, that the trial court erred in denying its Civ.R. 12(B)(6) motion. We disagree.

{¶10} The city's argument ignores the allegations in Hampton's complaint that the police officer, while in the course and scope of his employment with the city, "negligently caused the vehicle he was operating to lose control" and, further, that the officer was not responding to an emergency call when he lost control of the vehicle. Accepting these allegations as true, and making all reasonable inferences in favor of Hampton, as we are required to do, it is apparent that Hampton's complaint adequately pleaded the exception

to governmental immunity set forth in R.C. 2744.02(B)(1) and stated a claim upon which relief could be granted. Accordingly, the trial court did not err in denying the city's Civ.R. 12(B)(6) motion to dismiss for failure to state a claim.

**{¶11}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
SEAN C. GALLAGHER, J., CONCUR